**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER,<br><br>     Defendants. | Case No. 1:19-cv-00678 |
| KJELL ROJVALL, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, DAVID A. ZINSNER,<br><br>     Defendants. | Case No. 1:19-cv-00990 |
| DAVIN M. POKOIK, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, DAVID A. ZINSNER,<br><br>     Defendants. | Case No. 1:19-cv-02136 |

**MEMORANDUM IN SUPPORT OF FRANK MOBASSERY'S MOTION FOR**
**(A) CONSOLIDATION OF RELATED CASES,**
**(B) APPOINTMENT AS LEAD PLAINTIFF, AND**
**(C) APPOINTMENT OF LEAD AND LIASON COUNSEL**

## INTRODUCTION

Before this Court are three securities class action brought on behalf of purchasers of Micron Technology, Inc. ("Micron" or the "Company") common stock. The broadest class period from these actions is between February 24, 2017, and December 19, 2018, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Frank Mobassery (the "Proposed Lead Plaintiff") hereby moves this Court for an order: (i) consolidating the above-captioned cases; (ii) appointing Frank Mobassery as Lead Plaintiff; and (iii) approving Mr. Mobassery's selection of Block & Leviton LLP to serve as lead counsel, and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP as liaison counsel.

This motion is made on the grounds that Mr. Mobassery is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in the Action, having lost $277,513.45 calculated on a last-in, first-out basis, or $310,921.24 calculated on a first-in, first-out basis, on his class period purchases of Micron commons stock, and otherwise satisfies Federal Rule of Civil Procedure 23 in that the Proposed Lead Plaintiff's claims are typical of the claims of the putative class and he will fairly and adequately represent the interests of the class.

Accordingly, Mr. Mobassery should be appointed Lead Plaintiff, and his selection of counsel should be approved.

## FACTUAL BACKGROUND[1]

Micron purports to be in the business of "innovative memory and storage solutions." ¶2

---

[1] The facts are taken from the Complaint that was filed in Kniffin v. Micron Technology Inc., *et al.*, 1:19-cv-678. (ECF No. 1). References to "¶" refer to that Complaint.

2

During the Class Period, and unbeknownst to investors, Micron misled investors by failing to disclose to investors that it was engaged in a price-fixing conspiracy with Samsung Electronics and SK Hynix, and that such unlawful behavior could lead to severe sanctions against Micron. Instead, Micron repeatedly referred to Samsung Electronics and SK Hynix as competitors who could have "cost advantages." ¶3

On May 15, 2018, the Chinese State Administration for Market Regulation ("SAMR") notified Micron that it was investigating potential collusion and other anticompetitive conduct by DRAM suppliers in China. On May 31, 2018, SAMR made unannounced visits to Micron offices in Beijing, Shanghai, and Shenzhen to investigate these claims. ¶4

It was not until October 15, 2018, that Micron revealed the SAMR investigation, by way of its Form 10-K filing for the period ended August 30, 2018. This disclosure was not full and complete, however, as it did not reveal that there was "massive evidence" of Micron's anti-competitive behavior.  ¶5

On November 19, 2018, the Financial Times reported that investigators in China had "found 'massive evidence' of anti-competitive behaviour" by Micron and that Samsung Electronics and SK Hynix had engaged in a price-fixing conspiracy with Micron. ¶6

**ARGUMENT**

**I.      The Three Above-Captioned Cases Should Be Consolidated**

The three above-captioned cases bring the same claims for similar class periods alleging

the same core facts against similar Defendants.[2] That the Pokoik and Rojvall class actions name

one additional defendant and have longer class periods is not an impediment to consolidating the

cases: after a lead plaintiff is selected, it is customary for the lead plaintiff to file an amended and

consolidated class action complaint. *See, e.g., In re Schering-Plough Corp. Enhance Sec. Litig.*,

No. 08-397 (DMC)(JAD), 2013 WL 5505744, at *11 (D. N.J. Oct. 1, 2013). Given the

substantial similarity between the cases, consolidation is appropriate.

When actions involving a common question of law or fact are pending before the court, it

may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order

the actions consolidated; and it may make such orders concerning proceedings as may tend to

avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA also contemplates consolidation where "more than one action on behalf of a

class asserting substantially the same claim or claims arising under this chapter has been filed."

15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal

standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the three above-captioned actions which have been filed in this District allege

substantially similar factual and legal grounds to support allegations of violations of the

Exchange Act by the Defendants arising from the public dissemination of false and misleading

---

[2] The class period in the first-filed *Kniffin* action is June 22, 2018 to November 19, 2018. The class periods in the *Pokoik and Rojvall* actions are September 26, 2017 to November 19, 2018. All three class actions list: Micron Technology, Inc., Sanjay Mehrotra, and David A. Zinsner as defendants. The Pokoik and Rojvall actions also listed Ernest E. Maddock as a defendant.

information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.      Mr. Mobassery Should Be Appointed Lead Plaintiff

### A.      The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on PR Newswire a national, business-oriented newswire service, by Block & Leviton LLP on January 23, 2019. *See* Block Decl. Ex. A.[3] Within 60 days after publication of the notice (*i.e.*, March 25, 2019), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the

---

[3] Citations to the "Block Decl." are to the declaration of Jeffrey C. Block, filed concurrently herewith.

determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15

U.S.C. § 78u-4(a)(3)(B)(iii).

### B.      Mr. Mobassery Has Complied with the PSLRA

Pursuant to the provisions of the PSLRA and within the required time frame after

publication of the notice, Mr. Mobassery timely moves this Court to be appointed as Lead

Plaintiff on behalf of all members of the class. Mr. Mobassery signed a certification pursuant to

the PLRSA. *See* Block Decl. Ex. B. Mr. Mobassery has selected and retained competent lead and

liaison counsel to represent him and the class. *See* Block Decl. Ex. D & E. Accordingly, Mr.

Mobassery is entitled to have his application for appointment as lead plaintiff and selection of

lead and liaison counsel considered and approved by the Court.

### C.      Mr. Mobassery Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, Mr. Mobassery's

accompanying signed certification and loss chart, Mr. Mobassery incurred a substantial loss of

$277,513.45 calculated on a last-in, first-out basis, or $310,921.24 calculated on a first-in, first-

out basis on his class period transactions in Micron common stock. *See* Block Decl. Ex. B & C.

At the time of this filing, Mr. Mobassery believes he possesses the largest financial interest of

any movant seeking lead plaintiff status.

### D.      Mr. Mobassery Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.

§78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class

certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will

satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Mobassery's claims are typical because, like all members of the putative class, he purchased or otherwise acquired Micron shares during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Mobassery's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove Defendants' liability.

Mr. Mobassery is also an adequate representative for the proposed class. His substantial financial interests in the outcome of the action demonstrates that his interest is aligned with those of the class. And, Mr. Mobassery has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Ex. D & E. Thus, Mr. Mobassery satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Mobassery is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, he should be appointed Lead Plaintiff.

**III.　The Court Should Appoint Mr. Mobassery's Choice of Counsel**

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Mobassery has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel, and Finkelstein Blankinship Frei-Pearson & Garber, LLP to serve as liaison counsel. Block Decl. Ex. D, E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D. N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Mr. Mobassery's selection of Block & Leviton as lead counsel, and Finkelstein Blankinship Frei-Pearson & Garber, LLP as liaison counsel.

## CONCLUSION

For the foregoing reasons, Mr. Mobassery respectfully requests that the Court: (i) consolidate the related actions; (ii) appoint Mr. Mobassery as Lead Plaintiff in the Action; (iii) approve his selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

Dated: March 25, 2019                    Respectfully submitted,

                                         */s/ Greg Blankinship*
                                         **FINKELSTEIN BLANKINSHIP FREI-PEARSON & GARBER LLP**
                                         445 Hamilton Ave, Suite 605
                                         White Plains, NY 10601
                                         (914) 298-3281 phone
                                         (914) 824-1561 fax
                                         gblankinship@fbfblaw.com

                                         *Attorneys for Mr. Mobassery and*
                                         *Proposed Liaison Counsel*

                                         Jeffrey C. Block
                                         Jacob A. Walker, *pro hac vice* to be filed
                                         **BLOCK & LEVITON LLP**
                                         155 Federal Street, Suite 400
                                         Boston, MA 02110
                                         (617) 398-5600 phone
                                         (617) 507-6020 fax
                                         jeff@blockesq.com
                                         jake@blockesq.com

                                         *Attorneys for Mr. Mobassery and*
                                         *Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Greg Blankinship*
Greg Blankinship