**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually and on behalf of all others similarly situated, | Case No. 1:19-cv-00678-WHP |
| Plaintiff, | CLASS ACTION |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and DAVID A. ZINSNER, | |
| Defendants. | |
| KJELL ROJVALL, Individually and on behalf of all others similarly situated, | Case No. 1:19-cv-00990-WHP |
| Plaintiff, | CLASS ACTION |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, | |
| Defendants. | |

*Captions continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE STATE OF RHODE ISLAND OFFICE OF THE GENERAL TREASURER, ON BEHALF OF THE EMPLOYEES' RETIREMENT SYSTEM OF RHODE ISLAND, FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND <u>CONSOLIDATION OF RELATED ACTIONS</u>**

DAVID M. POKOIK, Individually and on behalf of all others similarly situated,

               Plaintiff,

      v.

MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,

               Defendants.

Case No. 1:19-cv-02136-WHP

CLASS ACTION

The State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island"), respectfully submits this memorandum of law in support of its motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned securities class actions (the "Related Actions") allege that Micron Technology, Inc. ("Micron" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), during the period from September 26, 2017 through November 19, 2018, inclusive (the "Class Period").[1]  Specifically, the Related Actions allege that Defendants misled investors by attributing Micron's financial results and the sale and pricing of its dynamic random access memory ("DRAM") technology to legitimate business factors while, in truth, the Company's success was driven by its role in a price-fixing conspiracy with the other two primary DRAM manufacturers, Samsung Electronics Co., Ltd. ("Samsung")

---

[1] The Related Actions allege different, overlapping class periods.  For purposes of this motion, Rhode Island has presented its financial interest under the longest-filed class period.  *See, e.g.,* *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of this analysis, we use the longer class period with the earlier start date.").

and SK Hynix, Inc. ("SK").  Micron investors—including Rhode Island—incurred significant losses when Micron's role in the conspiracy was exposed, and DRAM prices plunged.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Rhode Island is the "most adequate plaintiff" by virtue of, among other things, its substantial losses incurred on purchases of Micron stock during the Class Period.  Specifically, Rhode Island incurred losses of approximately $1.66 million when calculated on a first-in, first-out ("FIFO") basis and approximately $1.23 million when calculated on a last-in, first-out ("LIFO") basis on its Class Period purchases of approximately 130,000 shares of Micron common stock.[2]

In addition to asserting the largest financial interest, Rhode Island readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.  Indeed, Rhode Island is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation, and it has experience serving as Lead Plaintiff in other complex securities class actions and supervising the work of outside counsel.  Further, Rhode Island fully understands

---

[2] Rhode Island's PSLRA-required Certification is attached as Exhibit 1 to the Declaration of Avi Josefson in Support of the Motion of the State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions ("Josefson Decl.").  In addition, charts providing calculations of Rhode Island's losses are provided as Exhibit 2 to the Josefson Decl.

the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to guarantee vigorous prosecution of the Related Actions. Accordingly, Rhode Island has both the incentive and ability to supervise and monitor counsel.

Finally, Rhode Island has selected Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Rhode Island respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## SUMMARY OF THE RELATED ACTIONS

Micron is one of the world's largest makers of DRAM technology. Micron sells its DRAM products to end-users to use in products such as computers, mobile phones and USB flash drives. The DRAM manufacturing market is highly concentrated, such that Micron, along with Samsung and SK, controlled 96% of worldwide DRAM market share as of mid-2017.

The Related Actions allege that, throughout the Class Period, Micron attributed its financial results to legitimate business factors and stated that the market for its DRAM technology "face[d] intense competition . . . from a number of companies" and that "[i]f competitors are more successful at developing or implementing new product or process technology, their products could have cost or performance advantages." In truth, Micron, together with Samsung and SK, were engaged in a conspiracy to control the supply of DRAM available to the market, allowing Micron to substantially raise the prices of its DRAM products. As a result of these misrepresentations and omissions, Micron securities traded at artificially inflated prices throughout the Class Period.

The truth about Micron's role in the antitrust conspiracy was revealed on November 19, 2018, when the *Financial Times* published an article that disclosed significant new facts about an ongoing investigation by the Chinese antitrust regulators, with the head of China's anti-monopoly

3

bureau explaining that the investigation had "*yielded massive evidence*" of anti-competitive conduct.  As a result of these disclosures, the Company's shares declined by nearly 7%, falling from $39.44 per share to $36.83 per share.

<strong>ARGUMENT</strong>

**A.      Rhode Island Is the Most Adequate Plaintiff**

Rhode Island respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption for selecting a Lead Plaintiff that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Faig v. BioScrip, Inc.*, No. 13 CIV. 06922 AJN, 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (discussing qualifications for Lead Plaintiff presumption); *Lintz v. Agria Corp.*, No. 08 CIV. 3536 WHP, 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008) (Pauley III, J.) (same).  As set forth below, Rhode Island believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**1.      Rhode Island's Motion Is Timely**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On January 23, 2019, Plaintiff Vance Kniffin filed the first of the Related Actions, asserting a class period of June 22, 2018 through November 19, 2018.  That same day, counsel for Mr. Kniffin published a notice on *Market News*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by March 25, 2019.  *See* Josefson Decl., Ex. 3.

On January 31, 2019, Plaintiff Kjell Rojvall filed the second of the Related Actions against Defendants, asserting a broader class period of September 26, 2017 through November 19, 2018. That same day, counsel for Mr. Rojvall published a notice on *Business Wire* which alerted investors to the expanded Class Period and reiterated the March 25, 2019 deadline to seek Lead Plaintiff appointment. *See* Josefson Decl., Ex. 4. Accordingly, Rhode Island has timely moved for appointment as Lead Plaintiff through the filing of this motion.

 2.    **Rhode Island Has the Largest Financial Interest in the Relief Sought by the Class**

Rhode Island should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Rhode Island sustained losses of approximately $1.66 million as calculated on a FIFO basis and approximately $1.23 million as calculated on a LIFO basis on its Class Period purchases of approximately 130,000 shares of Micron common stock. *See* Josefson Decl., Exs. 1 & 2. Accordingly, Rhode Island has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

 3.    **Rhode Island Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Rhode Island otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a moving plaintiff need only "make a preliminary showing that it satisfies the typicality and adequacy requirements of [Fed. R. Civ. P.] 23." *Agria*, 2008 WL 5191087, at *2. Here, Rhode Island unquestionably satisfies both requirements.

Rhode Island's claims are typical of the claims of other purchasers of Micron securities. Typicality is satisfied "where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id*. Here, Rhode Island and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Rhode Island: (1) purchased Micron securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged as a result. *See BioScrip*, 2013 WL 6705045, at *3 (typicality satisfied when movant alleged "that it suffered financial losses due to material misstatements made by [the company] during the class period"). As such, Rhode Island is a typical Class representative.

Rhode Island likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and general[ly] able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *BioScrip*, 2013 WL 6705045, at *3 (citation omitted). Rhode Island satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. Rhode Island's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Rhode Island and other Class members.

Further, based on its past experience serving as Lead Plaintiff, Rhode Island is well-aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel and has submitted a sworn certification as to its willingness and ability to fulfill those duties here. *See* Josefson Decl., Ex. 1. Rhode Island also has the benefit of the resources and dedicated personnel of the Office of the Rhode Island Treasurer who are highly experienced in conducting and supervising complex litigation, and will bring those resources and that experience to bear in overseeing the prosecution of the Related Actions. Indeed, Rhode Island recovered $6 million for investors as Lead Plaintiff in *In re Coinstar, Inc. Securities Litigation*, No 11-cv-133 (W.D. Wash.). In addition, Rhode Island was recently appointed as Lead Plaintiff in *In re Alphabet, Inc. Securities Litigation*, No. 18-cv-6245 (N.D. Cal.).

Moreover, Rhode Island is the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions") (citation omitted).

Finally, Rhode Island has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in the Related Actions. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action

litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      Rhode Island Selected Well-Qualified Lead Counsel to Represent the Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Josefson Decl., Ex. 5. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history and the largest in this District—were obtained for the class. More recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.3 billion recovery in *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.), and a $1.06 billion recovery in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), on behalf of the respective classes.

Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017 (S.D.N.Y) (recovering $516 million for investors); and *In re Virtus Investment Partners, Inc. Securities Litigation*, No. 15-cv-1249 (S.D.N.Y.) (Pauley III,

J.) (recovering $22 million for investors). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## C. Consolidation of All Related Actions Is Warranted

There are at least three related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Kniffin v. Micron Tech., Inc.* | 1:19-cv-00678-WHP | January 23, 2019 |
| *Rojvall v. Micron Tech., Inc.* | 1:19-cv-00990-WHP | January 31, 2019 |
| *Pokoik v. Micron Tech., Inc.* | 1:19-cv-02136-WHP | March 7, 2019 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act against the Defendants, relating to the same period of time, and are premised upon substantially similar misstatements regarding Micron's DRAM business. Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact. *See Stitt v. On Deck Capital, Inc.*, No. 15 CIV. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (consolidating cases "alleging the same violations of the Exchange Act, by similar parties, and based on the same conduct"); *Kaplan*, 240 F.R.D. at 91 ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). Accordingly, consolidation is appropriate under Rule 42(a).

## CONCLUSION

For the reasons discussed above, Rhode Island respectfully requests that the Court: (1) appoint it as Lead Plaintiff pursuant to the PSLRA; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate all related securities class actions under Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

Dated:  March 25, 2019

Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson
Michael D. Blatchley
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff the State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Proposed Lead Counsel for the Class*

10