**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER,,<br><br>        Defendants. | Case No.: 1:19-cv-00678-WHP<br><br>Hon. William H. Pauley III |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>        Defendants. | Case No.: 1:19-cv-00990-WHP<br><br>Hon. William H. Pauley III |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>        Defendants. | Case No.: 1:19-cv-02136-WHP<br><br>Hon. William H. Pauley III |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MICRON INVESTOR GROUP FOR CONSOLIDATION FOR THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.  FACTUAL BACKGROUND ........................................................................................... 2

II. PROCEDURAL HISTORY ........................................................................................... 3

III. ARGUMENT ................................................................................................................. 3

    A.  The Actions Should Be Consolidated ................................................................ 3

    B.  Movant Should Be Appointed as Lead Plaintiff. ............................................... 4

        1.  Movant Filed a Timely Motion. .................................................................. 6

        2.  Movant Has the Largest Financial Interest. ................................................ 6

        3.  Movant Satisfies the Relevant Requirements of Rule 23. ........................... 7

            a.  Movant's Claims Are Typical. ............................................................. 8

            b.  Movant Is an Adequate Representative. ............................................... 8

    C.  The Court Should Approve Lead Plaintiff's Choice of Counsel. .................................. 9

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................... 9

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................... 7, 8

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4,
2016) ...................................................................................................................... 6

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................ 8

*Francisco v. Abengoa, S.A.*,
No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................... 9

*Inchen Huang v. Depomed, Inc.*,
289 F. Supp. 3d 1050 (N.D. Cal. 2017) .............................................................. 10

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ........... 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)................................................................................ 4

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................ 8

*Levin v. Res. Capital Corp.*,
No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016)................. 10

*Mitchell v. Complete Mgmt., Inc.*,
Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)......................... 4

*Polat v. Regulus Therapeutics, Inc.*,
No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017).. 10

*Pope v. Navient Corp.*,
No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 10

*Primavera Familienstiftung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997). ......................................................................... 4

*In re Tesla, Inc. Sec. Litig.*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) ............. 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................................. 5, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 8

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 4

**Statutes**

15 U.S.C. § 78j(b) ....................................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................. 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) .............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .......................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 9

**Rules**

17 C.F.R. § 240.10b-5 ................................................................................................................. 1

Fed. R. Civ. P. 23 .......................................................................................................... 1, 5, 7, 8

Fed. R. Civ. P. 42(a) .................................................................................................................... 4

Dhiru Z. Patel, Cetin Kayaer, and Alexandru Vintu (collectively, the "Micron Investor Group" or "Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned actions, (the "Actions")[1], appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Micron Technology, Inc. ("Micron" or the "Company") securities from September 26, 2017 and November 19, 2018, inclusive (the "Class" who purchased during the "Class Period")[2]. The Actions allege claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Micron, Sanjay Mehrotra ("Mehrotra"), Ernest E. Maddock ("Maddock")[3], and David A. Zinsner ("Zinsner") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the

---

[1] The three pending securities class actions are entitled: *Vance Kniffin v. Micron Technology, Inc. et al.,* 1:19-cv-00678-WHP (S.D.N.Y. Jan. 23, 2019) (the "*Kniffin* Action"); *Kjell Rojvall v. Micron Technology, Inc. et al.,* 1:19-cv-00990-WHP (S.D.N.Y. Jan. 31, 2019) (the "*Rojvall* Action"); and *David M. Pokoik v. Micron Technology, Inc. et al.,* 1:19-cv-02136-WHP (S.D.N.Y. March 7, 2019) (the "*Pokoik* Action").

[2] The Class period September 26, 2017 to November 19, 2018, inclusive, is the most inclusive of the Class Periods offered by the three pending Class Actions against Defendants.

[3] Defendant Maddock is not listed as a named Defendant in the *Kniffin* Action,

1

financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.    FACTUAL BACKGROUND[4]

Micron sells high-performance memory and storage technologies. ¶ 2.  The Company's securities trade on the NASDAQ under the ticker symbol "MU". ¶ 13.

Throughout the Class Period, Micron engaged in a scheme to deceive the market and a course of conduct that artificially inflated the price of Micron securities and operated as a fraud or deceit on Class Period purchasers of Micron securities.  Defendants issued statements that were materially false and misleading because they failed to disclose and misrepresented the following adverse facts which were known to defendants or recklessly disregarded by them: that (1) the Company engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM; (2) these anti-competitive efforts were reasonably likely to lead to regulatory scrutiny; (3) the Company's anti-competitive efforts artificially boosted its operating metrics; (4) as a result, the Company's financial performance, including revenue, was overstated; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *Rojvall* ¶ 5.

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Kniffin* Complaint") filed in the *Kniffin* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Kniffin* Complaint. The facts set forth in the *Kniffin* Complaint are incorporated herein by reference. Any citation to "*Rojvall* ¶ __" are to paragraphs of the Class Action Complaint (the "*Rojvall* Complaint") filed in the *Rojvall* Action.

From September 26, 2017—the beginning of the Class Period—until August 30, 2018, Micron Technology filed quarterly and annual financial reports with the U.S. Securities and Exchange Commission announcing its financial results. Within these 10-Q's and 10-K's, Micron repeatedly touted about the competitive nature of their business and how the competitiveness could have adverse material effects on the Company's business. ¶¶ 18-23; *Rojvall* ¶¶ 18-25.

Then, the truth emerged on November 18, 2018, when the Financial Times published an article reporting that the Chinese Government had found "massive evidence" of Micron failing to disclose that it had engaged in anti-competitive behavior. ¶ 25. On this news, Micron's shares dropped over 7%, or $2.61 per share, to close on November 19, 2018 at $36.83 per share. ¶ 26.

## II.    PROCEDURAL HISTORY

Pending before this Court are three class actions against the Defendants. Plaintiff Vance Kniffin ("Kniffin") commenced the first filed action against Micron on January 23, 2019. On that same day, counsel acting on Kniffin's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Eduard Korsinsky in Support of Movant's Motion ("Korsinsky Decl.").

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* FED. R. CIV. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sep. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . ." (citation and quotations omitted)); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42 (a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B.    Movant Should Be Appointed as Lead Plaintiff.**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

> The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—
>
> > (aa) will not fairly and adequately protect the interest of the class; or
> >
> > (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $4,356,045.96 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Korsinsky Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Movant Filed a Timely Motion.

On January 23, 2019 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Kniffin, published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Micron securities that they had 60 days from the publication of the January 23, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Korsinsky Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *9 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

Movant timely filed its motion within the 60-day period following publication of the January 23, 2019 Press Release, submitted herewith sworn certifications attesting that it is willing to serve as a representative of the Class and attaching its transactions in Micron securities. *See* Korsinsky., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.      Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that… has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased Micron securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading

6

statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $4,356,045.96. *See* Korsinsky, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest–to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed.*

7

*Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Micron's business, operations and financial prospects, violated the federal securities laws. Movant, like all members of the Class, purchased Micron securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where Movants purchased stock at artificially inflates prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and Movant's financial losses ensure that it has sufficient incentive to ensure vigorous advocacy. *See* Korsinsky Decl., Ex. B. Finally, Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and will retain the firm as the Class's Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Korsinsky Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it,

concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant its Motion and enter an Order: (1) consolidating the actions, (2) appointing Movant as lead plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: March 25, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

11