**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and DAVID A. ZINSNER, <br><br> Defendants. | Case No. 1:19-cv-00678-WHP |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, <br><br> Defendants. | Case No. 1:19-cv-00990-WHP |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, <br><br> Defendants. | Case No. 1:19-cv-02136-WHP |

**MEMORANDUM OF LAW IN SUPPORT OF NOVRIYANTO LIUS AND THOMAS FISH'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Novriyanto Lius and Thomas Fish (together as "Movants") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (3) approving Movants' selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    FACTUAL BACKGROUND[1]

This is a putative federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased or otherwise acquired the securities of Micron Technology, Inc. ("Micron" or the "Company") between September 26, 2017 and November 19, 2018, inclusive (the "Class Period"). The lawsuit seeks to pursue remedies against Micron and certain of its officers and directors for violations of federal securities laws.

Micron purports to sell high-performance memory and storage technologies, including DRAM (dynamic random access memory).

On November 19, 2018, Financial Times reported that Chinese investigators said they had found "'massive evidence' of anti-competitive behavior" by Micron and two other companies.

On this news, the Company's share price fell $2.61 per share, nearly 7%, to close at $36.83 per share on November 19, 2018, on unusually heavy trading volume.

---

[1] Factual background section adapted from the allegations in the complaints filed in the above captioned actions.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM; (2) that these anti-competitive efforts were reasonably likely to lead to regulatory scrutiny; (3) that the Company's anti-competitive efforts artificially boosted its operating metrics; (4) that, as a result, the Company's financial performance, including revenue, was overstated; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II.    PROCEDURAL HISTORY

Plaintiff Vance Kniffin commenced the above-captioned action against Micron on January 23, 2019 in the United States District Court, Southern District of New York, *Kniffin v. Micron Technology et al*, Case No. 1:19-cv-00678-WHP. That same day, counsel for Kniffin published a notice on *GlobeNewswire*, announcing that a securities class action had been initiated against Defendants herein.

Subsequent to the filing of the *Kniffin* complaint, two other actions were commenced in this District, alleging similar claims against the same defendants as the *Kniffin* complaint: *Rojvall v. Micron Technology, et al.*, Case No. 1:19-cv-00990-WHP (S.D.N.Y. January 31, 2019);

2

*Pokoik v. Micron Technology, et al.*, Case No. 1:19-cv-02136-WHP (S.D.N.Y. March 7, 2019).

(*Kniffin, Rojvall* and *Pokoik* are collectively referred to as the "Related Actions").

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Pursuant to Federal Rule of Civil Procedure Rule 42(a), consolidation is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar legal and factual issues, as they all involve the same subject matter and allege the same causes of action.  Each case alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct.  Because the Actions arise from the same facts and circumstances, and assert the same theories of liability, consolidation will conserve scarce judicial resources and is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.   Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §§ 77z–1(a)(3)(B) and 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—

*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation, and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movants Filed a Timely Motion

On January 23, 2019 pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Plaintiff in the *Kniffin* action published a notice of the pendency of Plaintiff's case on *Globe Newswire*—a

widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants herein and advising purchasers of Micron securities that they had the right to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy ("Portnoy Decl.") at Exhibit ("Ex.") A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movants timely filed this motion within the 60-day period following publication of the January 23, 2019 PSLRA notice, and submit herewith their sworn certifications and attest that they are willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Ex. B. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2.       Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased Micron securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of over $5,192,017.00.  *See* Portnoy Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as

lead plaintiff who is claiming a larger financial loss.  Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination."  *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010).  At the lead plaintiff stage of the litigation, a Movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements.  *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a.      Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Micron's business, operations, and financial prospects violated the federal securities laws.  Movants, like all of the members of the Class, purchased Micron's securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.      **Movants Are Adequate Representatives**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy.  *See* Portnoy Decl., Ex. C.  Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

**C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on their behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiffs. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Portnoy Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movants' Motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order (1) consolidating the related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 25, 2019                    **GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, New York 10168

8

Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com


-and-


**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*[Proposed]Lead Counsel for Movants and the Class*

9

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 25, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 25, 2019, at Los Angeles, California.


*s/ Lesley F. Portnoy*
Lesley F. Portnoy