UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANCE KNIFFIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and DAVID A. ZINSNER,<br><br>               Defendants. | Case No.  1:19-cv-00678-WHP<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MICRON INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |
| KJELL ROJVALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>               Defendants. | Case No.  1:19-cv-00990-WHP |
| DAVIN M. POKOIK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER<br><br>               Defendants. | Case No.  1:19-cv-02136-WHP |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT........................................................................................................................ 3

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 3

    II.    THE MICRON INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF.................................................................................................... 4

        A.     The Micron Investor Group is Willing to Serve as a Class Representative.............................................................................. 5

        B.     The Micron Investor Group Has the "Largest Financial Interest" in the Action.................................................................................... 6

        C.     The Micron Investor Group Otherwise Satisfies the Requirements of Rule 23 .................................................................................. 7

    III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED 9

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
    2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...........................................................7

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) .........................................................................................4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (2d Cir. 1992) ............................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) .........................................................................................4

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
    2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)...................................................6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
    2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).....................................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................................8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992)..................................................................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ....................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) .............................................................................................9

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
    2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ......................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................4

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) .........................................................................................8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990).............................................................................................3

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..........................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................................................6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993).............................................................................................3

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ........................................................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................ *passim*

## **Rules**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Fed. R. Civ. P. 42 ..........................................................................................................2, 3

Anwer Ali, Hasnain Darwala, and Fernando Camarce (collectively, the "Micron Investor Group") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Micron Investor Group as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Micron Technology Inc. ("Micron" or the "Company") and the above-named defendants (collectively, the "Defendants") defrauded investors in violation of the Exchange Act.  Micron investors, including the Micron Investor Group, incurred significant losses following the disclosure of the alleged fraud, which caused Micron's stock price to fall sharply, damaging the Micron Investor Group and other Micron investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with its purchases of Micron securities between September 26, 2017 and November 19, 2018, both dates inclusive (the "Class Period"), the Micron Investor Group incurred losses of approximately $1,033,601. Accordingly, the Micron Investor Group believes that it has the largest financial interest in the relief sought in this action.

Beyond its considerable financial interest, the Micron Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, the Micron Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest securities class action settlement in a decade.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are all putative class actions alleging violations of the federal securities laws by an overlapping group of Defendants occurring during overlapping class periods arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Accordingly, the Micron Investor Group respectfully requests that the Court enter an order consolidating the Related Actions, appointing the Micron Investor Group as Lead Plaintiff and approving the Micron Investor Group's selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

Micron purports to sell high-performance memory and storage technologies, including dynamic random access memory or "DRAM".

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM; (2) these anti-competitive efforts were reasonably likely to lead to regulatory

scrutiny; (3) the Company's anti-competitive efforts artificially boosted its operating metrics; (4) as a result, the Company's financial performance, including revenue, was overstated; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 19, 2018, *Financial Times* reported that Chinese investigators said they had found "'massive evidence' of anti-competitive behavior" by Micron and two other companies. On this news, the Company's share price fell $2.61 per share, nearly 7%, to close at $36.83 per share on November 19, 2018, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

3

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against an overlapping group of Defendants (Micron and certain of its officers) in connection with violations of the federal securities laws during overlapping class periods. Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Micron's securities and subsequently damaged the putative class members when the price of Micron's securities plunged as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties."); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

## II.     THE MICRON INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Micron Investor Group should be appointed Lead Plaintiff because, to its knowledge, the Micron Investor Group has the largest financial interest in the action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Micron Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**A.      The Micron Investor Group is Willing to Serve as a Class Representative**

On January 23, 2019, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Micron securities that they had until March 25, 2019 to file a motion to be appointed as lead plaintiff (the "PSLRA Notice"). *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. The Micron Investor Group has filed the instant motion pursuant to the PSLRA Notice, and has attached Certifications attesting that its members are willing to serve as representatives for the Class, and to provide testimony at depositions and trial, if necessary. *See id.*, Ex. B. Accordingly, the Micron Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

5

**B.** **The Micron Investor Group Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its knowledge, the Micron Investor Group has the largest financial interest of any Micron investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, the Micron Investor Group: (1) purchased 178,776 shares of Micron stock; (2) expended $ 9,476,689 on purchases of Micron stock; (3) retained 37,900 of its shares of Micron stock; and (4) incurred losses of $ 1,033,601 in connection with its transactions in Micron stock. *See* Lieberman Decl., Ex. C. To the extent that the Micron Investor Group

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.        The Micron Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.")  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591 at *8.  Here, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including the Micron Investor Group.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar

7

legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The Micron Investor Group's claims are typical of those of the Class. The Micron Investor Group alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Micron. The Micron Investor Group, as did all members of the Class, purchased Micron common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Micron's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei*

8

*Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at \*6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the Micron Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between the Micron Investor Group's interests and the interests of the Class.  The Micron Investor Group has submitted signed Certifications declaring its members' commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and the significant losses incurred by the Micron Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

**III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).  *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Micron Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. D.  Pomerantz is

a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France.  For more than 75 years, Pomerantz has represented defrauded investors.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  Courts in this judicial district, the Second Circuit, and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Schiro v. CEMEX, S.A.B. de C.V.*, 1:18-cv-2352 (S.D.N.Y.); *Brady v. Top Ships Inc.*, 2:17-cv-4987 (E.D.N.Y.); *Smith v. Antares Pharma, Inc.*, 3:17-cv-8945 (D.N.J.) and *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah).

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant action, the Micron Investor Group's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Micron Investor Group's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Micron Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Micron Investor Group as Lead Plaintiff; and (3) approving proposed Lead Plaintiff's selection of as Lead Counsel for the Class.

Dated:  March 25, 2019                        Respectfully submitted,

POMERANTZ LLP

10

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

11