## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANCE KNIFFIN, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER,<br><br>                     Defendants. | No. 1:19-cv-00678-WHP<br><br>**MEMORANDUM OF LAW IN SUPPORT OF BHARAT CHANDAK'S MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL** |
| KJELL ROJVALL, Individually and On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>                     Defendants. | No. 1:19-cv-00990-WHP |

*(captions continue on next page)*

DAVIN M. POKOIK, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

         v.

MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,

                           Defendants.

No. 1:19-cv-02136-WHP

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 4

II.     CHANDAK SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .......... 5

        A.      The PSLRA's Provisions Concerning the Appointment Of a Lead Plaintiff ............ 5

        B.      Under the PSLRA, Chandak Should Be Appointed Lead Plaintiff ........................... 6

                1.      Chandak Filed a Timely Motion .................................................................. 6

                2.      Chandak Has the Largest Financial Interest in the Relief Sought by the
                        Class ............................................................................................................ 7

                3.      Chandak Meets Rule 23's Typicality and Adequacy Requirements .......... 8

III.    CHANDAK'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL
        SHOULD BE APPROVED ........................................................................................... 10

CONCLUSION....................................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**                                                                                      **Page(s)**

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) .................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .........................................................................4, 8, 9

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................10

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .........................................................................5, 6, 7

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........5, 7, 9

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................1

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016)..................1

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................5

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939 (S.D.N.Y. May 19, 2011)........9

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993).......................................................................................4

*In re Millenial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015).........................................................................6

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 8, 2008) ...................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ...............................................................................9

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723 (S.D.N.Y. Sept. 9, 2011) ................9

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ...............................................................................8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................4, 6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...........................................................................................11

**Statutes**

15 U.S.C. §§ 78u-4(a) ..................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ...................................................................................................2, 4

Federal Rules of Civil Procedure Rule 6(a)(1)(C)...........................................................7

Rule 23(a)(4)....................................................................................................................9

Movant Bharat Chandak ("Chandak")[1] respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), in support of his motion for the entry of an order (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Chandak as Lead Plaintiff for the consolidated Actions; and (3) approving Chandak selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are three securities class Actions[2] brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the securities of Micron Technology, Inc. ("Micron" or the "Company") between September 26, 2017 and November 19, 2018,[3] inclusive (the "Class Period").

---

[1]     Unless stated otherwise, Chandak uses the following conventions herein: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

[2]     The Actions are (1) *Kniffin v. Micron Technology, Inc.*, No. 1:19-cv-00678-WHP ("*Kniffin*"), which was commenced on January 23, 2019; (2) *Rojvall v. Micron Technology, Inc.*, No. 1-19-cv-00990 ("*Rojvall*"), which was commenced on January 31, 2019; and (3) *Pokoik v. Micron Technology, Inc.*, No. 1:19-cv-02136-WHP ("*Pokoik*"), which was commenced on March 7, 2019.

[3]     The Actions assert different class periods. *Kniffin*'s class period begins on June 22, 2018 and ends on November 19, 2018, inclusive. *See Kniffin*, Complaint For Violation Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Kniffin* Compl."). *Rojvall*'s and *Pokoik*'s class periods are longer, as both of their class periods begin on September 26, 2017 and end on November 19, 2018, inclusive. *See Rojvall*, Class Action Complaint For Violations Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Rojvall* Compl."); *Pokoik*, Class Action Complaint For Violations Of The Federal Securities Laws at ¶1, ECF No. 1 ("*Pokoik* Compl."). For the purposes of "determining a lead plaintiff . . . the longer, more inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at *12-13 (S.D.N.Y. Mar. 7, 2016) (finding use of longer class period, which began more than two years prior to the shorter class period, proper for lead plaintiff appointment purposes, and collecting cases). Accordingly, the *Rojvall* and *Pokoik* class period governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

1

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, promulgated thereunder. The Actions also allege substantially similar misconduct by the Company and its officers. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the lead plaintiff for the Actions "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of $323,184.34, Chandak, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Chandak also satisfies Rule 23's typicality and adequacy requirements. Chandak's claims are typical of the Class's claims because he suffered losses on his Micron investment as a result of the defendants' false and misleading statements. Further, Chandak has no conflict with the Class and will adequately protect the Class's interests given Chandak's significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Chandak is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Chandak is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Chandak has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Chandak's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Micron is incorporated in Delaware and maintains its principal executive offices in Idaho. *Kniffin* Compl. ¶13; *Rojvall* Compl. ¶12; *Pokoik* Compl. ¶12. Micron's common stock trades on the NASDAQ exchange under the symbol "MU." *Kniffin* Compl. ¶13; *Rojvall* Compl. ¶12; *Pokoik* Compl. ¶12. Micron purports to sell high-performance memory and storage technologies, including dynamic random access memory ("DRAM"). *Kniffin* Compl. ¶2; *Rojvall* Compl. ¶2; *Pokoik* Compl. ¶2.

The complaints in the Actions allege that the defendants knowingly or recklessly made false and/or misleading statements and/or failed to disclose, *inter alia*, that: (1) the Company engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM; (2) these anti-competitive efforts were reasonably likely to lead to regulatory scrutiny; (3) the Company's anti-competitive efforts artificially boosted its operating metrics; (4) as a result, the Company's financial performance, including revenue, was overstated; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Kniffin* Compl. ¶21; *Rojvall* Compl. ¶26; *Pokoik* Compl. ¶26.

3

The truth emerged when, on November 19, 2018, the *Financial Times* reported that Chinese investigators said they found "massive evidence of anticompetitive behavior" by Micron, *inter alia*. *Rojvall* Compl. ¶27; *Pokoik* Compl. ¶27; *see also Kniffin* Compl. ¶25.

On this news, the Company's share price fell $2.61 per share, approximately 7%, from a closing price of $39.44 per share on Friday, November 16, 2018, to a closing price of $36.83 per share on November 19, 2018, on unusually heavy trading volume. *Rojvall* Compl. ¶28; *Pokoik* Compl. ¶28; *see also Kniffin* Compl. ¶26.

Through the Actions, Chandak seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

## I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law,

4

and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-5 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact ***and*** law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by defendants.  The Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements that artificially inflated the price of Micron securities and subsequently damaged the Class when the price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

## II.     CHANDAK SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.     The PSLRA's Provisions Concerning the Appointment Of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be

"most capable of adequately representing the interests of class members."  Further, the PSLRA

establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Foley*, 272 F.R.D. at 127 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also Tronox*, 262 F.R.D.

at 343-44 (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is

the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the

interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272

F.R.D. at 127.

### B.    Under the PSLRA, Chandak Should Be Appointed Lead Plaintiff

As discussed below, Chandak should be appointed Lead Plaintiff because all of the

PSLRA's procedural hurdles have been satisfied, Chandak holds the largest financial interest of

any movant, and Chandak otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1.    Chandak Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the

Actions was required to publish notice within twenty (20) days of its filing.  Counsel for first-

filed plaintiff Vance Kniffin published notice of the lead plaintiff deadline via *Globe Newswire*

on January 23, 2019.  *See* Ex. A; *see also In re Millenial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d

563, 567 (S.D.N.Y. 2015) (finding publication in *Globe Newswire* sufficient to satisfy the

PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to

seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before March 25, 2019).[4]  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Chandak's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Chandak timely signed and submitted the requisite certification, identifying all of his relevant Micron trades during the Class Period, and detailing Chandak's suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  The PSLRA's procedural requirements have therefore been met.

> **2.    Chandak Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant.  *See Foley*, 272 F.R.D. at 127-28; *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *9.  Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant.  *See, e.g.*, *Foley*, 272 F.R.D. at 128; *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *11.

---

[4]    Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, if the last day of a time period is a weekend or a legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Sixty days after January 23, 2019 is Sunday, March 24, 2019.  Thus, the lead plaintiff motion deadline is Monday, March 25, 2019.

Overall, during the Class Period, Chandak purchased 10,000 net and 49,500 total Micron shares, expended $677,715.82 in net funds, and suffered losses of $323,184.34 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. C.  Chandak is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    Chandak Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "However, the claims of the class representative need not be identical to those of all members of the class." *Id.*; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Chandak's claims are clearly typical of the Class's claims.  Chandak purchased Micron securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Micron and certain of its officers under the

federal securities laws.  Because the factual and legal bases of Chandak's claims are similar, if not identical, to those of the Class's claims, Chandak necessarily satisfies the typicality requirement.  *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *15 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, Chandak's interests are perfectly aligned with—and by no means antagonistic to—the Class.  *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *2-3 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

9

Chandak has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, Chandak is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Chandak respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

### III.    CHANDAK'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Chandak has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final

approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ

11

(D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Bielousov v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss); *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (appointed as sole-lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Chandak respectfully requests that the Court (1) consolidate the Actions; (2) appoint Chandak as Lead Plaintiff; (3) approve Chandak's selection of the Faruqi Firm as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated:  March 25, 2019                    Respectfully submitted,

                                          **FARUQI & FARUQI, LLP**

                                          By:_____*/s/ Richard W. Gonnello*
                                                  Richard W. Gonnello

                                          Richard W. Gonnello
                                          Sherief Morsy
                                          685 Third Avenue, 26th Floor
                                          New York, NY 10017
                                          Ph: (212) 983-9330
                                          Fx: (212) 983-9331

12

E-mail: rgonnello@faruqilaw.com
       smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Bharat Chandak and [Proposed] Lead Counsel for the Class*