UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

VANCE KNIFFIN, Individually and on Behalf :    Civil Action No. 1:19-cv-00678-WHP
of All Others Similarly Situated,                    :

                 Plaintiff,        :    <u>CLASS ACTION</u>

            vs.                   :

MICRON TECHNOLOGY, INC., SANJAY    :
MEHROTRA and DAVID A. ZINSNER,       :

                Defendants.    :

—————————————————————

KJELL ROJVALL, Individually and on Behalf :    Civil Action No. 1:19-cv-00990-WHP
of All Others Similarly Situated,                    :

                 Plaintiff,        :    <u>CLASS ACTION</u>

            vs.                   :

MICRON TECHNOLOGY, INC., SANJAY    :
MEHROTRA, ERNEST E. MADDOCK and    :
DAVID A. ZINSNER,                      :

                Defendants.    :

—————————————————————

DAVIN M. POKOIK, Individually and on      :    Civil Action No. 1:19-cv-02136-WHP
Behalf of All Others Similarly Situated,          :

                 Plaintiff,        :    <u>CLASS ACTION</u>

            vs.                   :

MICRON TECHNOLOGY, INC., SANJAY    :
MEHROTRA, ERNEST E. MADDOCK and    :
DAVID A. ZINSNER,                      :

                Defendants.    :

—————————————————————— x

MEMORANDUM OF LAW IN SUPPORT OF THE SEAFARERS FUNDS' MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL

## I.      INTRODUCTION

Presently pending before the Court are three securities class action lawsuits (the "Related Actions") on behalf of purchasers of Micron Technology, Inc. ("Micron" or the "Company") securities seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act") against the Company and certain of its senior executive officers.  The Related Actions are: (1) *Kniffin v. Micron Technology, Inc.*, No. 1:19-cv-00678-WHP, filed on January 23, 2019 on behalf of investors who purchased or otherwise acquired Micron common stock between June 22, 2018 and November 19, 2018, inclusive; (2) *Rojvall v. Micron Technology, Inc.*, No. 1:19-cv-00990-WHP, filed on January 31, 2019 on behalf of investors who purchased or otherwise acquired Micron securities between September 26, 2017 and November 19, 2018, inclusive; and (3) *Pokoik v. Micron Technology, Inc.*, No. 1:19-cv-02136-WHP filed on March 7, 2019 on behalf of investors who purchased or otherwise acquired Micron securities between September 26, 2017 and November 19, 2018, inclusive.  For purposes of this motion, the longest and most inclusive alleged class period is used – September 26, 2017 and November 19, 2018, inclusive (the "Class Period").  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members").

In securities class actions, the Private Securities Litigation Reform Act ("PSLRA") requires district courts to resolve consolidation before appointing the lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because each asserts identical claims against similar defendants on behalf of similar classes of investors that purchased Micron securities during a substantially similar period.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The

lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Seafarers Pension Plan, Seafarers Health and Benefits Plan, Seafarers Vacation Plan, United Industrial Workers Pension Plan, Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and MCS Supplementary Pension Plan (collectively, the "Seafarers Funds") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  The Seafarers Funds are related, experienced, and sophisticated institutional investors with ample resources and the capability to oversee complex litigation.  The beneficiaries of the Seafarers Funds all fall under the auspices of the Seafarers International Union.  In addition, the Seafarers Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Micron purports to sell high-performance memory and storage technologies, including DRAM (dynamic random access memory).  Throughout the Class Period, Micron represented that it "face[d] intense competition in the semiconductor memory and storage markets from a number of companies, including Intel; Samsung Electronics Co., Ltd.; SK Hynix Inc.; Toshiba Corporation; and Western Digital Corporation." *Rojvall* ECF No. 1 at ¶19.

The complaints allege that throughout the Class Period, defendants made materially false and misleading statements and/or concealed that:

1545447_1

(1) Micron engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM;

(2) these anti-competitive efforts were reasonably likely to lead to regulatory scrutiny;

(3) Micron's anti-competitive efforts artificially boosted its operating metrics;

(4) as a result, Micron's financial performance, including revenue, was overstated; and (5) as a result of the foregoing, defendants' positive statements about Micron's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 19, 2018, *The Financial Times* reported that Chinese investigators said they had found "'massive evidence' of anti-competitive behavior" by Micron and two other companies. *Rojvall* ECF No. 1 at ¶27.  The three companies control as much as 95% of the global DRAM market.  On this news, Micron's share price fell $2.61 per share, nearly 7%, to close at $36.83 per share on November 19, 2018, on unusually heavy trading volume.

As a result of defendants' alleged wrongful acts and omissions and the decline in Micron's share price, class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).  "Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact." *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *1 (S.D.N.Y. July 1, 2005). "District courts have broad discretion in

determining whether to consolidate actions, and consider whether judicial economy favors consolidation." *Id.* (consolidating related securities cases).

Here, the Related Actions pending before this Court present virtually identical factual and legal issues, alleging the same violations of the 1934 Act against similar defendants, during similar periods:

| COMPLAINT | DEFENDANTS | CLAIMS | CLASS PERIOD |
|---|---|---|---|
| *Kniffin v. Micron Technology, Inc.* | Micron, Sanjay Mehrotra, David A. Zinsner | §§10(b) and 20(a) of the 1934 Act | 6/22/2018-11/19/2018 |
| *Rojvall v. Micron Technology, Inc.* | Micron, Sanjay Mehrotra, David A. Zinsner, Ernest E. Maddock | §§10(b) and 20(a) of the 1934 Act | 9/26/2017-11/19/2018 |
| *Pokoik v. Micron Technology, Inc.* | Micron, Sanjay Mehrotra, David A. Zinsner, Ernest E. Maddock | §§10(b) and 20(a) of the 1934 Act | 9/26/2017-11/19/2018 |

The *Kniffin* action seeks to represent investors who purchased or otherwise acquired Micron common stock while the *Rojvall* and *Pokoik* actions seeks to represent investors who purchased or otherwise acquired Micron securities.  This difference, as well as the difference in class periods, will be resolved upon the filing of a consolidated complaint.  The factual allegations, class periods, defendants, and claims are substantially similar.  Accordingly, the Related Actions should be consolidated.

### B.    The Seafarers Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First,

- 4 -

"[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Seafarers Funds meet each of these requirements and should be appointed Lead Plaintiff.

### 1.    The Seafarers Funds' Motion Is Timely

On January 23, 2019, notice of the first-filed complaint was published on *Globe Newswire* and advised class members of the pendency of the action, the claims asserted, the proposed class period and the right to move the Court to be appointed as lead plaintiff within 60 days, or by March 25, 2019.  *See* Declaration of David A. Rosenfeld in Support of the Seafarers Funds' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. 1.  Because the Seafarers Funds' motion was filed by the statutory deadline, the Seafarers Funds are eligible for appointment as lead plaintiff.

        **2.**        **The Seafarers Funds Have the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, the Seafarers Funds purchased 59,143 shares of Micron stock and suffered over $698,781 in losses as the price of Micron stock declined.  *See* Rosenfeld Decl., Exs. 2, 3.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest during this Class Period.  Therefore, the Seafarers Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

        **3.**        **The Seafarers Funds Satisfy Rule 23's Typicality and Adequacy Requirements**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In applying Rule 23, '[t]ypicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA.'"  *Xianglin*, 2005 WL 1561438, at *2 (citation omitted).  "At this stage, only a preliminary showing of typicality and adequacy is required."  *Id.*

"The threshold typicality determination is satisfied if the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'"  *Id.* at *3 (citation omitted).  And "[t]he claims of the proposed lead plaintiff and the other class members need not be identical[.]"  *Id.*  "With respect to the adequacy requirement, Rule 23(a)(4) requires that the representative party must 'fairly and adequately protect the interests of the class.'"  *Id.* (citation omitted).  In doing so, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy."  *Id.*  "Additionally, courts have a preference for appointing institutional investors as lead plaintiffs."  *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *6 (S.D.N.Y.

Mar. 13, 2018).  And "'[i]n enacting the PSLRA, Congress expressed an intention to encourage institutional investors to step forward and assume the role of lead plaintiff in an effort to prevent lawyer-driven litigation.'"  *Xianglin*, 2005 WL 1561438, at \*5 (citation omitted).

Here, the Seafarers Funds allege that they purchased Micron stock during the Class Period in reliance on defendants' allegedly materially false and misleading statements and omissions and suffered damages resulting from the artificially inflated price of Micron stock.  Moreover, as related institutional investors, the Seafarers Funds have the resources and experience to ensure vigorous and competent advocacy for the benefit of the putative class members, and are the type of investor Congress intended would lead securities class actions.  The relatedness of the Seafarers Funds is indicated by the fact that their Sworn Certifications were all signed by the same individual who is authorized to act on behalf of the Seafarers Funds in this litigation.  *See* Rosenfeld Decl., Ex. 2.  The Seafarers Funds are not aware of any conflicts between them and the putative class members.  Finally, the Seafarers Funds have retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions.  *See* Rosenfeld Decl., Ex. 4.

Because the Seafarers Funds filed a timely motion, have the largest financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

### C.     The Court Should Approve the Seafarers Funds' Selection of Counsel

The PSLRA provides that the "'most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'"  *Micholle*, 2018 WL 1307285, at \*10 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  Indeed, "[t]here is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'"  *Id.* (citation

omitted).  Here, the Seafarers Funds have selected Robbins Geller to serve as Lead Counsel for the proposed class.  *See* Rosenfeld Decl., Ex. 4.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  With more than 200 attorneys in offices nationwide, including within this District, along with numerous trial attorneys, former federal and state prosecutors and in-house experts, Robbins Geller possesses substantial experience in complex securities litigation.  *See* Rosenfeld Decl., Ex. 4.  District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. 4.

Thus, the Court can be assured that by approving the Seafarers Funds' choice of Robbins Geller as Lead Counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

The Related Actions are substantially similar in facts and legal issues, and should be consolidated for all purposes.  Additionally, the Seafarers Funds have satisfied each of the PSLRA's

- 8 -

requirements for appointment as lead plaintiff.  As such, the Seafarers Funds respectfully request

that the Court consolidate the Related Actions, appoint the Seafarers Funds as Lead Plaintiff, and

approve their selection of Lead Counsel.

DATED:  March 25, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
isanchez@rgrdlaw.com


[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

1545447_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 25, 2019, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

1545447_1

# Mailing Information for a Case 1:19-cv-00678-WHP Kniffin v. Micron Technology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Douglas Gregory Blankinship**
  gblankinship@fbfglaw.com

- **Richard William Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,klenahan@faruqilaw.com,dbehnke@faruqilaw.com

- **Avi Josefson**
  avi@blbglaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Eduard Korsinsky**
  ek@zlk.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com,lesley-portnoy-3007@ecf.pacerpro.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,managingclerk@stblaw.com,nanderson@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
State of Rhode Island Office of the General Treasurer, on behalf of the Employees Retirement System of Rhode Island
,
```