**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER,<br><br>Defendants. | No. 1:19-cv-00678 |
| KJELL ROJVALL, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, AND DAVID A. ZINSNER,<br><br>Defendants. | No. 1:19-cv-00990 |

(additional case caption continued on following page)

<table>
<tr><td>

DAVIN M. POKOIK, Individually And
On Behalf of All Others Similarly Situated,

                Plaintiff,

       vs.

MICRON TECHNOLOGY, INC., SANJAY
MEHROTRA, ERNEST E. MADDOCK,
AND DAVID A. ZINSNER,

                Defendants.

</td><td>**No. 1:19-cv-02136**</td></tr>
</table>

**MEMORANDUM IN SUPPORT OF THE MOTION OF DR. EARLE THORNHILL TO CONSOLIDATE RELATED ACTIONS TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## TABLE OF CONTENTS

**Page:**

PRELIMINARY STATEMENT ...................................................................................................... 1

PROCEDURAL BACKGROUND ................................................................................................... 2

STATEMENT OF FACTS .............................................................................................................. 3

ARGUMENT .................................................................................................................................. 5

I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ........................... 5

II.     DR. THORNHILL SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 5

      A.      The Procedural Requirements of the PSLRA ........................................................ 5

      B.      Dr. Thornhill is "The Most Adequate Plaintiff" .................................................. 7

            1.      Dr. Thornhill has Complied With the PSLRA and
                Should Be Appointed Lead Plaintiff .......................................................... 7

            2.      Dr. Thornhill Has the Largest Financial Interest ...................................... 7

            3.      Dr. Thornhill Satisfies the Requirements of Rule 23 ................................. 8

                i.      Dr. Thornhill's Claims are Typical of the Claims
                     of All the Class Members ................................................................ 9

                ii.     Dr. Thornhill Will Adequately Represent the Class ....................... 9

III.    THE COURT SHOULD APPROVE DR. THORNHILL'S
      CHOICE OF LEAD COUNSEL ...................................................................................... 10

CONCLUSION ............................................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Daniels v. City of N.Y.*,
198 F.R.D. 409, 418 (S.D.N.Y. 2001) ...................................................................... 10

*Ferrari v. Impath*,
No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) .................. 10

*Hom v. Vale, S.A.*,
No. 15-9539, 2016 U.S. Dist. LEXIS 28863, at *12-13 (S.D.N.Y. Mar. 7, 2016)..................... 2

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................... 6

*In re Oxford Health Plans, Inc., Sec. Litig.*,
182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).................................................................... 7, 9

*In re Party City*,
189 F.R.D. 91, 106 (D.N.J. 1999)............................................................................ 9

*Primavera Familienstiftung v. Askin*,
73 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................... 5

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590, 598 (2d Cir. 1986)........................................................................... 10

*Sczensy Trust v. DiCamillo*,
223 F.R.D. 319, 323-24 (S.D.N.Y. 2004).................................................................. 9

*Sofran v. Labranche & Co.*,
220 F.R.D. 398, 401 (S.D.N.Y. 2004) ...................................................................... 7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248, 252 (S.D.N.Y. 2003) ...................................................................... 9

*Wilder v. Bernstein*,
499 F. Supp. 980, 922 (S.D.N.Y. 1980)................................................................... 10

**Statutes**

15 U.S.C. § 78............................................................................................... passim

**Rules**

Fed. R. Civ. P. 23........................................................................................... 2, 8, 9

Fed. R. Civ. P. 42(a) ............................................................................................ 5

**Regulations**

17 C.F.R. § 240.10b-5.......................................................................................... 1

## PRELIMINARY STATEMENT

Dr. Earle Thornhill ("Dr. Thornhill" or "Movant") respectfully moves this Court for an Order: (1) consolidating related securities class actions filed against Micron Technology, Inc. ("Micron" or the "Company") and other Defendants;[1] (2) appointing Dr. Thornhill as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

Dr. Thornhill fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of the Motion of Dr. Earle Thornhill to Consolidate Related Actions to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, Dr. Thornhill has suffered substantial losses because of his purchases of Micron common stock from September 26, 2017 through November 19, 2018, inclusive (the "Class Period").[2] To the

---

[1] The related securities class actions include: *Kniffin v. Micron Technology, Inc. et al.*, No. 1:19-cv-00678 (S.D.N.Y.), filed on January 23, 2019 (the "*Kniffin* Complaint"); *Rojvall v. Micron Technology, Inc. et al.*, No. 1:19-cv-00990-ALC (S.D.N.Y.), filed on January 31, 2019 (the "*Rojvall* Complaint"); and *Pokoik v. Micron Technology, Inc. et al.*, No. 1:19-cv-02136 (S.D.N.Y.), filed on March 7, 2019 (the "*Pokoik* Complaint"). Whereas the *Kniffin* Complaint names Micron Technology Inc., Sanjay Mehrota, and David A. Zinsner as Defendants, the *Rojvall and Pokoik* Complaints name Ernest E. Maddock in an addition to the aforementioned Defendants.

[2] The *Kniffin* Complaint alleges a Class Period of June 22, 2018 through November 19, 2018. The *Rojvall* and *Pokoik* Complaints allege a Class Period of September 26, 2017 through November 19, 2018, all dates inclusive. For the purpose of this Motion, Dr. Thornhill adopts the most expansive Class Period set forth in the *Rojvall* and *Pokoik* Complaints. *See, e.g., Hom v. Vale, S.A.*, No. 15-9539, 2016 U.S. Dist. LEXIS 28863, at *12-13 (S.D.N.Y. Mar. 7, 2016) ("the

best of his knowledge, Dr. Thornhill has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Dr. Thornhill's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Miller Decl. at Ex. A. Moreover, Dr. Thornhill satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and is presumptively the "most adequate plaintiff."

Accordingly, Dr. Thornhill respectfully submits this Memorandum of Law in Support of his Motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an Order: (1) consolidating all related actions; (2) appointing Dr. Thornhill as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving his selection of KSF as Lead Counsel for the Class.

## **PROCEDURAL BACKGROUND**

The first lawsuit against Defendants, *Kniffin v. Micron Technology, Inc. et al.*, No. 1:19-cv-00678, was filed in the Southern District of New York on January 23, 2019. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 23, 2019, the first Notice that a class action had been initiated against Defendants was published on *Globe Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than March 25, 2019. *See* Miller Decl. at Ex. C.

---

Court finds that the use of the longer, more inclusive class period is proper for purposes of the present [lead plaintiff] motion[s] because the longer class period encompasses more potential class members and damages.").

Dr. Thornhill is a Class Member who has timely filed this motion within the 60-day period following publication of the January 23, 2019 Notice. *See* Miller Decl. at Ex. C.

### STATEMENT OF FACTS[3]

Defendant Micron claims to be in the business of selling high-performance memory and storage technologies, including dynamic random access memory ("DRAM"). Micron is a Delaware corporation with its principal executive offices located in Boise, Idaho. Micron's common stock trades on the NASDAQ under the ticker symbol "MU." At all relevant times, Defendant Sanjay Mehrotra ("Mehrotra") served as the Company's President and Chief Executive Officer ("CEO"). Defendant David A. Zinsner ("Zinsner") has served as the Company's Senior Vice President and Chief Financial Officer ("CFO") since February 19, 2018. Defendant Ernest E. Maddock ("Maddock") preceded Defendant Zinsner, serving as the Company's CFO from June 2015 to February 2018. Defendants Mehrotra, Zinsner, and Maddock are collectively referred to herein as the "Individual Defendants."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (i) the Company engaged in anti-competitive behavior, including artificially restricting supply growth of DRAM; (ii) these anti-competitive efforts were reasonably likely to lead to regulatory scrutiny; (iii) the Company's anti-competitive efforts artificially boosted its operating metrics; (iv) as a result, the Company's financial performance, including revenue, was overstated; and (v) as a result of the foregoing, Defendants' positive statements about Micron's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

---

[3]These facts were derived from the *Kniffin* Complaint, *Rojvall* Complaint, and *Pokoik* Complaint.

On September 26, 2017, the first day of the Class Period, Micron announced its fourth quarter and year-end financial results for 2017, reporting $20.32 billion in revenue and $5.09 billion in net income. One month later, Micron filed its annual report for the period ending August 31, 2017 disclosing in part the following risk factors:

> **The semiconductor memory and storage markets are highly competitive.**
> We face intense competition in the semiconductor memory and storage markets from a number of companies, including Intel; Samsung Electronics Co., Ltd.; SK Hynix Inc.; Toshiba Corporation; and Western Digital Corporation. Some of our competitors are large corporations or conglomerates that may have greater resources to invest in technology, capitalize on growth opportunities, and withstand downturns in the semiconductor markets in which we compete. Consolidation of industry competitors could put us at a competitive disadvantage.

Micron restated these risks on June 22, 2018 in its third quarter Form 10-Q and disclosed that multiple class-action lawsuits had been filed against it and other DRAM suppliers, alleging price-fixing of DRAM products from June 1, 2016 to February 1, 2018. Approximately four months later, on October 15, 2018, Micron reiterated these risks and the litigation disclosures in its fourth quarter Form 10-Q. Micron further disclosed that the Chinese State Administration for Market Regulation ("SAMR") made unannounced visits to its sales offices and was investigating the Company for potential collusion. At no point in these aforementioned disclosures did Defendants reveal that Micron had been engaging in anti-competitive behavior.

On November 19, 2018, the Financial Times reported that Chinese investigators said they had found "'massive evidence' of anti-competitive behavior" by Micron and two other companies. In response to this news, the price of Micron's common stock declined $2.61 per share, or nearly seven percent, from a close of $39.44 per share on Friday, November 16, 2018 to a close of $36.83 per share on Monday, November 19, 2018.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Dr. Thornhill and other

members of the Class purchasing Micron securities for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

**ARGUMENT**

## I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. The Federal Rules of Civil Procedure provide for consolidation of related actions brought under the federal securities laws. *See* Fed. R. Civ. P. 42(a). Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998). Accordingly, consolidation of any pending and future filed cases with the instant action is warranted here.

## II.   DR. THORNHILL SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1), (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published on *Globe Newswire* on January 23, 2019. *See* Miller Decl. Ex. C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 25, 2019. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who the "most adequate plaintiff" is, the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa)    has either filed the complaint or made a motion in response to a notice…
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.    Dr. Thornhill is "The Most Adequate Plaintiff"**

**1.    Dr. Thornhill has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B) expires on March 25, 2019. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on January 23, 2019), Dr. Thornhill timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, Dr. Thornhill has sustained a substantial loss from his investment in Micron common stock and has shown his willingness to represent the class by signing a Certification detailing his transactions in Micron common stock during the Class Period. *See* Miller Decl. Ex. A. As demonstrated by his certification, Dr. Thornhill is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Dr. Thornhill has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration.

**2.    Dr. Thornhill Has the Largest Financial Interest**

During the Class Period, as evidenced by the accompanying signed certification, Dr. Thornhill purchased Micron common stock in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. *See* Miller Decl. Ex. A. In addition, Dr. Thornhill incurred a substantial loss on his transactions in Micron common stock as detailed in his Loss Chart. *See* Miller Decl. Ex. B. To the best of his knowledge, Dr. Thornhill thus has the largest financial interest in the relief sought. Therefore, Dr. Thornhill satisfies all of

the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    Dr. Thornhill Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy— directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. 91, 106 (D.N.J. 1999) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'"). As detailed below, Dr. Thornhill satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. *See also* Declaration of Dr. Earle Thornhill in in Support of His Motion to Consolidate Related

Actions to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Thornhill Decl.") attached to the Miller Declaration at Exhibit E.

> **i.    Dr. Thornhill's Claims are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Dr. Thornhill's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Dr. Thornhill and all the other Class Members: (1) purchased Micron common stock during the Class Period; (2) purchased Micron common stock in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated common stock and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Dr. Thornhill's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same illegal practices.

> **ii.    Dr. Thornhill Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect

the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met: (1) by the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Dr. Thornhill is an adequate representative of the Class. As evidenced by the injuries suffered by Dr. Thornhill, who purchased Micron common stock at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Dr. Thornhill are clearly aligned with the members of the class, and there is no evidence of any antagonism between Dr. Thornhill's interests and those of the other members of the Class. Furthermore, Dr. Thornhill has retained competent and experienced counsel to prosecute these claims. Dr. Thornhill's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Dr. Thornhill *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### III.    THE COURT SHOULD APPROVE DR. THORNHILL'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Dr. Thornhill has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Miller Decl. Ex. D. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest

caliber.

## CONCLUSION

For all of the foregoing reasons, Dr. Thornhill respectfully requests that this Court: (1) consolidate the related actions; (2) appoint Dr. Thornhill to serve as Lead Plaintiff in this consolidated action; (3) approve Dr. Thornhill's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: March 25, 2019                    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller (KM-6996)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Movant Dr. Earle Thornhill*
*and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing via U.S. first-class mail to any non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller