**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) No. **1:19-cv-00678** |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER, | ) ) ) |
| Defendants. | ) ) ) |

| | |
|---|---|
| KJELL ROJVALL, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) No. **1:19-cv-00990** |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, AND DAVID A. ZINSNER, | ) ) ) ) |
| Defendants. | ) ) ) |

(additional case caption continued on following page)

|  |  |  |
|---|---|---|
| DAVIN M. POKOIK, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) | **No. 1:19-cv-02136** |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, AND DAVID A. ZINSNER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF DR. EARLE THORNHILL TO CONSOLIDATE RELATED ACTIONS TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF <u>COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

## TABLE OF CONTENTS

**Page:**

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I.   THE LIUS/FISH GROUP AND THE MICRON INVESTOR GROUP
     ARE INADEQUATE AND ATYPICAL.............................................................................. 3

     A.  The Lius/Fish Group and the Micron Investor Group Are Lawyer Driven.................... 4

     B.  The Lius/Fish Group and the Micron Investor Group Are Atypical
         Because They Traded In Options Contracts.................................................................. 6

II.  THE COURT SHOULD APPROVE DR. THORNHILL AS
     LEAD PLAINTIFF AND HIS SELECTION OF COUNSEL............................................. 7

CONCLUSION............................................................................................................................. 8

i

## TABLE OF AUTHORITIES

**Page(s):**

**Cases**

*Andrada v. Atherogenics, Inc.*,
No. 05 Civ. 00061(RJH), 2005 U.S. Dist. LEXIS 6777 (S.D.N.Y. Apr. 19, 2005) ............. 8, 9

*Cook v. Allergan PLC*,
2019 U.S. Dist. LEXIS 51962 (S.D.N.Y March 21, 2019) ................................................. 8, 9

*In re CMED Sec. Litig.*,
No. 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785 (S.D.N.Y April 2, 2012) ................. 7

*In re Donnkenny Inc. Sec. Litig.*,
171 F.R.D. 156 (S.D.N.Y 1997) .................................................................................................. 8

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 U.S. Dist. LEXIS 39859 (S.D.N.Y. May 11, 2009) .......... 8, 9

*In re Oxford Health Plans*,
182 F.R.D. 42 (S.D.N.Y 1998) .................................................................................................... 5

*In re Pfizer Inc. Sec. Litg.*,
233 F.R.D. 334 (S.D.N.Y 2005) .................................................................................................. 6

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y 2001)........................................................................................... 5

*In re Third Ave. Mgmt. LLC Secs. Litig.*,
No. 16-cv-02758, 2016 U.S. Dist. LEXIS 72344 (S.D.N.Y. May 13, 2016) ........................... 6

*Khunt v. Alibaba Group Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y 2015)........................................................................................... 7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y 2011) .................................................................................................. 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
No. 03-8264, 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y May 27, 2004) ...................................... 5

*Randall v. Fifth St. Fin. Corp.*,
No. 15-cv-7759, 2016 U.S. Dist. LEXIS 15719 (S.D.N.Y Feb. 1, 2016)................................. 6

*Teran v. Subaye, Inc.*,
No. 11-cv-02614, 2011 U.S. Dist. LEXIS 105774 (S.D.N.Y Sept. 16, 2011) ......................... 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................................... 6

**Statutes**

15 U.S.C. §§ 78............................................................................................................. 2, 4, 5, 9

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 4

ii

**PRELIMINARY STATEMENT**

Lead Plaintiff Movant Dr. Earle Thornhill ("Dr. Thornhill" or "Movant") respectfully submits this memorandum of points and authorities in further support of his motion, pursuant to the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j and 78t), for consolidation of the related actions, appointment as Lead Plaintiff and approval of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class, and in opposition to all competing motions for appointment.

On March 25, 2019, nine putative class members timely filed motions for appointment as Lead Plaintiff and Lead Counsel: (1) Dr. Earle Thornhill; (2) Novriyanto Lius ("Lius") and Thomas Fish ("Fish") (the "Lius/Fish Group"); (3) Dhiru Z. Patel ("Patel"), Cetin Kayaer ("Kayaer"), and Alexandru Vintu ("Vintu") (the "Micron Investor Group"); (4) James Ferraro and Ferraro Family Foundation Inc. (the "Ferraro Group"); (5) State of Rhode Island Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island"); (6) Anwer Ali, Hasnain Darwala, and Fernando Camarce (the "Ali Group"); (7) Seafarers Pension Plan, Seafarers Health and Benefits Plan, Seafarers Vacation Plan, United Industrial Workers Pension Plan, Seafarers Officer & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and MCS Supplementary Pension Plan (the "Seafarers Funds"); (8) Bharat Chandak ("Chandak"); and (9) Frank Mobassery ("Mobassery"). *See* Dr. Thornhill Mot., D.E. 42; Lius/Fish Group Mot., D.E. 27; Micron Investor Group Mot., D.E. 25; Ferraro Group Mot., D.E. 15; Rhode Island Mot., D.E. 20; Ali Group Mot., D.E. 31; Seafarers Funds Mot., D.E. 39; Chandak Mot., D.E. 28; Mobassery Mot., D.E. 18. The competing movants asserted losses in the securities of Micron Technology, Inc. ("Micron" or the "Company") as follows:

1

| Movant(s): | Asserted Losses: |
|---|---|
| The Lius/Fish Group | $5,192,017.56 |
| The Micron Investor Group | $4,356,045.96 |
| Dr. Thornhill | $1,353,295.28 |
| The Ferraro Group | $1,326,707.72 |
| Rhode Island | $1,231,383.09 |
| The Ali Group | $1,033,601.00[1] |
| The Seafarers Funds | $698,781.51[2] |
| Chandak | $323,184.34[3] |
| Mobassery | $310,921.24 |

While the Lius/Fish Group and the Micron Investor Group claim greater losses than Dr. Thornhill, their loss charts, certifications, and Joint Declaration(s) (or lack thereof, in the case of the Lius/Fish Group), raise serious questions regarding their adequacy and typicality under Fed. R. Civ. P. 23.

First, the Lius/Fish Group and the Micron Investor Group have failed to demonstrate pre-litigation relationships and neither is cohesive. Second, a significant proportion of the Lius/Fish and Micron Investor Groups' claimed losses relate to their transactions in options contracts, which subject both groups to unique defenses and impute their adequacy and typicality under Rule 23. *See* Lius/Fish Group Loss Chart, D.E. 34-3; Micron Investor Group Loss Chart, D.E. 30-2.

Conversely, Dr. Thornhill is well-suited for the role as Lead Plaintiff in this matter. Dr. Thornhill has demonstrated a commitment to this litigation, having filed timely a motion for appointment as Lead Plaintiff with accurate, supportive documentation. Dr. Thornhill satisfies all

---

[1] The Ali Group filed a notice of non-opposition to the competing Lead Plaintiff Motions on April 5, 2019, conceding that it "does not appear to have the greatest financial interest in the Related Actions…." D.E. 48 at 1.

[2] The Seafarers Funds filed a response to the competing Lead Plaintiff Motions on April 8, 2019, conceding that they "do not assert the largest financial interest." D.E. 49 at 1.

[3] Chandak filed a notice of non-opposition to the competing Lead Plaintiff Motions on April 3, 2019, "recogniz[ing] that he does not possess the largest individual financial interest among the various movants." D.E. 47 at 1.

of the requirements for Lead Plaintiff and is willing to serve in that role. While the Lius/Fish and Micron Investor Groups' claimed losses exceed those of Dr. Thornhill, Dr. Thornhill can and will rebut the presumption that neither group is the most adequate plaintiff. As such, Dr. Thornhill should be appointed Lead Plaintiff. Based on the foregoing, and for the reasons discussed herein below, this Court should appoint Dr. Earle Thornhill as Lead Plaintiff in this Action and approve his selection of KSF as Lead Counsel for the putative class.

## ARGUMENT

**I.      THE LIUS/FISH GROUP AND THE MICRON INVESTOR GROUP ARE INADEQUATE AND ATYPICAL**

The PSLRA requires that the court appoint a "lead plaintiff" in private securities class actions. 15 U.S.C. § 78u-4(a)(3)(B)(i). The lead plaintiff is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id*. The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that: (a) moved for appointment as Lead Plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The PSLRA provides that the presumption in favor of the movant with the largest financial interest may be rebutted by a showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class, or is subject to unique defenses that will render it incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In determining the proper party to serve as lead plaintiff, courts have clarified that the PSLRA's focus of the inquiry under this provision is on the typicality requirement of Fed. R. Civ. P. 23(a)(3) and the adequacy requirement of Fed. R. Civ. P. 23(a)(4). *See, e.g., In re Oxford Health Plans*, 182 F.R.D. 42, 49 (S.D.N.Y 1998) (holding typicality and adequacy are the only

3

relevant considerations under the PSLRA for selecting Lead Plaintiff); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03-8264, 2004 U.S. Dist. LEXIS 9571, at *53 (S.D.N.Y May 27, 2004). Here, there is ample proof that the Lius/Fish Group and Micron Investor Group are inadequate and atypical. The putative class should not be saddled with these obvious deficiencies.

### A.     The Lius/Fish Group and the Micron Investor Group are Lawyer Driven

First, the Lius/Fish Group and Micron Investor Group are improperly-formed, unrelated groups which are not proper lead plaintiffs under the PSLRA because they are aggregations of people with no cognizable indication of cohesiveness. *See, e.g.*, *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308-09 (S.D.N.Y 2001) (rejecting putative group because it lacked an "independent existence" and appeared to be no more than "an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff'"); *In re Pfizer Inc. Sec. Litg.*, 233 F.R.D. 334, 337 (S.D.N.Y 2005) (declining to aggregate when "[n]othing before the Court indicate[d] that th[e] aggregation [was] anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA"); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 393 (S.D.N.Y. 2008) (rejecting proposed group that "fail[ed] to provide the Court with any evidence that its members have had any prior pertinent relationships or cooperative efforts, or that they [would] act collectively and separately from their lawyers"); *Teran v. Subaye, Inc.*, No. 11-cv-02614, 2011 U.S. Dist. LEXIS 105774, at *14 (S.D.N.Y Sept. 16, 2011) (rejecting proposed group that was "assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action"); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759, 2016 U.S. Dist. LEXIS 15719, at *7 (S.D.N.Y Feb. 1,

2016) (disaggregating a proposed group of investors because "they appear[ed] to be complete strangers brought together by their proposed counsel in an effort to maximize their combined losses for the purposes of [the] motion"); *In re Third Ave. Mgmt. LLC Secs. Litig.*, No. 16-cv-02758, 2016 U.S. Dist. LEXIS 72344, at *8-9 (S.D.N.Y. May 13, 2016) (rejecting two proposed groups that failed to "proffer an evidentiary showing that unrelated members of a group [would] be able to function cohesively and effectively manage the litigation apart from their lawyers[.]").

While the Lius/Fish Group claims to possess the greatest losses, it cannot be considered the presumptive Lead Plaintiff because it failed to provide any evidence demonstrating Lius and Fish have a pre-litigation relationship, let alone their ability to serve as co-Lead Plaintiffs or to cooperate in managing this litigation. *See* D.E. 34; *see also Varghese*, 589 F. Supp. 2d at 393 ("[A] proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage litigation apart from their lawyers before its members will be designated as presumptive lead plaintiff.").

While the Micron Investor Group submitted a boilerplate "Joint Declaration," *see* D.E. 30-4, that Joint Declaration actually undermines the Group's cohesiveness. Indeed, the Joint Declaration asserts no pre-litigation relationship or cohesiveness apart from the members alleged losses. Moreover, Patel and Kayaer live in California, while Vintu lives in Illinois, and the three have apparently never even met, as they only decided to move together only after "learn[ing] of each other's interest in serving as Lead Plaintiff" through discussions with counsel. *See* D.E. 30-4 at ¶¶ 2-4, 9; *see also In re CMED Sec. Litig.*, No. 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785, at *16-17 (S.D.N.Y April 2, 2012) (rejecting a proposed group who decided to proceed together after consultation with their counsel because "the aggregation…was lawyer-driven and thus, inappropriate for appointment as a lead plaintiff group"); *Khunt v. Alibaba Group Holding*

*Ltd.*, 102 F. Supp. 3d 523, 534 (S.D.N.Y 2015) (rejecting the appointment of a group of sophisticated investors who were introduced to one another through counsel because it appeared to be "nothing more than a lawyer-created group of unrelated investors[.]")

The Micron Investor Group's Joint Declaration also provides little assurance that this group of unrelated investors has the ability to effectively manage this litigation, given that its litigation management procedures consist only of receiving "periodic status updates" from and holding "regular joint calls" with counsel. *See* D.E. 30-4 at ¶¶ 14; s*ee also Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y 2011) (J. Pauley III) (declining to appoint as lead plaintiff a proposed group whose "conclusory assurances" regarding a litigation management protocol failed to "satisfy [the] Court that the…Group [would] be able to effectively manage [the] litigation.").

**B.     The Lius/Fish Group and the Micron Investor Group Are Atypical Because They Traded in Options Contracts**

Courts consistently decline to appoint proposed lead plaintiffs who trade in options contracts because they cannot satisfy Rule 23's typicality and adequacy requirements. *See Cook v. Allergan PLC*, 2019 U.S. Dist. LEXIS 51962, at *7 (S.D.N.Y March 21, 2019) (An investor with approximately 60% of his claimed losses arising from options trading "is not…an investor whose claims will turn out to be typical of the average common stockholder within the meaning of Fed. R. Civ. P. 23(a)(3)"); *see also In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 U.S. Dist. LEXIS 39859, at *2 (S.D.N.Y. May 11, 2009) (The appointment of a lead plaintiff who traded in options contracts "introduces factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and subjects the class to unique defenses, causing unnecessary conflict"); *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061(RJH), 2005 U.S. Dist. LEXIS 6777, at *56 (S.D.N.Y. Apr. 19, 2005) (finding options

6

trader atypical and inadequate for appointment as lead plaintiff, and noting the lack of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action"); *Cf. In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y 1997) ("In view of the fact that [the investor] held almost ***six times*** as much common stock as it did options, [it] does not lack typicality or adequacy under Rule 23(a) for the purpose of determining the lead plaintiff") (emphasis added).

Lius claims losses of $2,351,064.00 in connection with his transactions in options contracts, which constitute nearly 85% of his claimed loss and approximately 45% of the Lius/Fish Group's total claimed losses. Similarly, with respect to the Micron Investor Group, Patel claims losses of $2,064,808.80 in connection with his transactions in Micron options contracts, which constitutes approximately 69% of his claimed losses.[4] Vintu *only* asserts losses associated with his transactions in Micron options contracts. When combined, Patel and Vintu's total options losses amount to approximately 80% of Micron Investor Group's total losses. Given that a significant amount of the losses claimed by the Lius/Fish Group and Micron Investor Group stem from options transactions, both groups are atypical and inadequate for appointment as lead plaintiff. *See Cook*, 2019 U.S. Dist. LEXIS 51962, at *7; *see also In re Elan Corp. Sec. Litig.*, 2009 U.S. Dist. LEXIS 39859, at *2; *Andrada*, 2005 U.S. Dist. LEXIS 6777, at *56. Conversely, Dr. Thornhill did not transact in Micron options contracts *at all* during the Class Period and, as such, is not subject to unique defenses on the element of reliance.

## II.     THE COURT SHOULD APPROVE DR. THORNHILL AS LEAD PLAINTIFF AND HIS SELECTION OF COUNSEL

Dr. Thornhill has the largest financial interest in the relief sought among Class members

---

[4] Patel erroneously claims Micron stock losses of $22,836.67 *twice*. Exclusion of Patel's double-counted losses lowers his stock losses to $894,900.67 and his total losses to $2,982,546.14. *See* Micron Investor Group Decl., D.E. 30-2 at 3 and 21.

seeking to be appointed Lead Plaintiff who otherwise meet the requirements of Rule 23. Dr. Thornhill is well-suited for the role as Lead Plaintiff in this matter, having demonstrated a commitment to this litigation by timely filing a motion for appointment as Lead Plaintiff with accurate, supportive documentation. The Court should therefore approve Dr. Thornhill's motion for appointment as Lead Plaintiff.

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts will generally not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Dr. Thornhill has selected KSF to serve as Lead Counsel for the putative class. KSF has not only prosecuted complex securities fraud actions, but it also has successfully prosecuted many other types of complex class actions. *See generally* KSF Firm Résumé, D.E. 44-4. Therefore, this Court may be assured that in the event Dr. Thornhill's motion is granted, the putative class will have the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Dr. Thornhill respectfully requests that this Court: (1) consolidate the related actions; (2) appoint Dr. Thornhill to serve as Lead Plaintiff in this consolidated action; (3) approve Dr. Thornhill's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: April 8, 2019                    Respectfully submitted,

                                        **KAHN SWICK & FOTI, LLC**

                                        */s/ Kim E. Miller*
                                        Kim E. Miller (KM-6996)
                                        250 Park Avenue, Suite 2040
                                        New York, NY 10177

8

Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Movant Dr. Earle Thornhill
and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2019 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to

all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of

electronic filing via U.S. first-class mail to any non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller