**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-00678-WHP |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-00990-WHP |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-02136-WHP |

**LEAD PLAINTIFF MOVANTS NOVRIYANTO LIUS AND THOMAS FISH'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movants Novriyanto Lius and Thomas Fish ("Movants" or "Lius and Fish") submit this memorandum of law in opposition to the eight competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 15, 18, 20, 25, 28, 31, 39, 42).[1]

## I.    INTRODUCTION

Nine movants (or movant groups) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The motions were filed by Lius and Fish (Dkt. No. 27); James Ferraro and Ferraro Family Foundation Inc. (the "Ferraro Group") (Dkt. No. 15); Frank Mobassery (Dkt. No. 18); the Employees' Retirement System of Rhode Island (Dkt. No. 20); Dhiru Z. Patel, Cetin Kayaer, and Alexandru Vintu (self-styled the "Micron Investor Group") (Dkt. No. 25); Bharat Chandak (Dkt. No. 28); Anwer Ali, Hasnain Darwala, and Fernando Camarce (Dkt. No. 31); Seafarers Pension Plan, Seafarers Health and Benefits Plan, Seafarers Vacation Plan, United Industrial Workers Pension Plan, Seafarers Officers & Employees Pension Plan, Seafarers Money Purchase Pension Plan, and MCS Supplementary Pension Plan (collectively, the "Seafarers Funds") (Dkt. No. 39); and Dr. Earle Thornhill (Dkt. No. 42).[2]

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant or movant group "most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B)(i).   The PSLRA directs courts to appoint the "most adequate plaintiff" as lead

---

[1] None of the competing motions oppose consolidation, as such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

[2] One movant and one movant group—Bharat Chandak, and the group composed of Anwer Ali, Hasnain Darwala, and Fernando Camarce—have since filed notices informing the Court that they do not oppose the competing motions.  *See* Dkt. Nos. 47, 48. Similarly, the Seafarers Funds concede that they "do not assert the largest financial interest."  *See* Dkt. No. 49.

plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Movants' memorandum of points and authorities in support of their lead plaintiff motion (Dkt. No. 29), Movants have the largest financial interest in the relief sought by the class[3] and satisfy the requirements of Rule 23. As such, Movants are the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Movants are the presumptively most adequate plaintiff, and the presumption has not been—and, Movants submit, cannot be—rebutted, Movants should be appointed lead plaintiff, and their selection of counsel should be approved.[4]

## II.   ARGUMENT

### A.   The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that "has either filed the complaint or made a motion," "has the

---

[3] Movants' financial interest, as measured by their last-in-first-out ("LIFO") loss, is $5,192,017. *See* Dkt. No. 34-3.

[4] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

## B. Movants Are the Presumptively Most Adequate Plaintiff

Movants satisfy all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Movants filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 27; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Movants satisfy the requirements of Rule 23, as demonstrated in Movants' memorandum of law in support of their lead plaintiff motion. *See* Dkt. No. 34 at 7-8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Movants have the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most important. *See id.* at 437. In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest

3

total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203-PAE, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor."); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617-RJH, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-4697, 2005 WL 627960, at *4 (N.D.Ill. Mar. 15, 2005)).

Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last in/first out (LIFO) basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id*. at 101.

Here, Lius and Fish have the largest financial interest of all competing movants. The following chart illustrates Movants' loss on stock and options as compared to the four movants with the next largest losses:[5]

[Chart on Next Page]

---

[5] The data included in both charts in this memorandum were derived from the movants' respective loss charts. (Dkt. Nos. 17-3, 22-2, 30-2, 34-3, 44-2).

4

| Movant | LIFO Loss[6] |
|---|---|
| **Movants Combined** | **$5,192,018** |
| Novriyanto Lius | $2,775,939 |
| Thomas Fish | $2,416,078 |
| **Micron Investor Group** | **$4,356,046** |
| Dhiru Z. Patel | $3,005,383 |
| Cetin Kayaer | $840,421 |
| Alexandru Vintu | $510,242 |
| **Dr. Earle Thornhill** | **$1,353,277** |
| **Ferraro Group** | **$1,326,806** |
| James Ferraro | $835,407 |
| Ferraro Family Foundation Inc. | $491,400 |
| **Rhode Island** | **$1,232,829** |

Some courts have opted to apply an adjustment to LIFO loss—excluding from the calculation losses and gains on securities that were purchased during the class period and sold prior to the corrective disclosure. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (holding that losses from the sales prior to a corrective disclosure "are not recoverable under *Dura* and cannot be considered in calculating [movant's] losses"); *see also Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *5 (N.D. Cal. May 13, 2016) ("Other courts in this district have applied a different net economic loss method that looks to the shares retained at the end of the class period that were purchased during the class period and calculates the total net loss on those securities alone."). Even with such an adjustment, Lius and Fish have the largest loss:

[Chart on Next Page]

---

[6] Losses normalized to use the same 90-day average for retained shares ($35.9459).

| Movant | LIFO Loss on Retained Shares and Options[7] |
|---|---|
| **Movants Combined** | **$2,455,528** |
| Thomas Fish | $2,416,078 |
| Novriyanto Lius | $39,450 |
| **Micron Investor Group** | **$2,219,724** |
| Dhiru Z. Patel | $911,484 |
| Cetin Kayaer | $805,692 |
| Alexandru Vintu | $502,548 |
| **Rhode Island** | **$1,402,653** |
| **Ferraro Group** | **$1,326,806** |
| James Ferraro | $835,407 |
| Ferraro Family Foundation Inc. | $491,400 |
| **Dr. Earle Thornhill** | **$104,078** |

In fact, Mr. Fish, alone, has a larger loss than every other movant, which further supports the appointment of Lius and Fish. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) ("[T]he degree to which [an individual group member's] losses overshadow those of the other movants further supports the Court's appointment of the [group] as lead plaintiff."); *See Freudenberg v. E*Trade Fin. Corp.*, No. 07-cv-10400, 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008) ("The appropriateness of [the group's] appointment is further supported by the fact that [a single member's] losses alone would qualify it as the party with the largest financial interest in the litigation."); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (similar).

Accordingly, whether judging by LIFO loss, or LIFO loss with a *Dura* adjustment, Lius and Fish have the largest financial interest in the relief sought by the class. *See Kinross Gold*, 2012 WL 2025850, at *2.

Since Movants have the largest financial interest in the relief sought by the class, filed a timely motion, and satisfy the requirements of Rule 23, they are the presumptively most adequate

---

[7] Losses normalized to use the same 90-day average for retained shares ($35.9459).

6

plaintiff.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

### C.     The Presumption that Movants Are the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No proof has been presented that Movants would be inadequate or subject to unique defenses.  As such, Movants should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

Movants also submit herewith, as Exhibit A, the Joint Declaration in Support of Novriyanto Lius and Thomas Fish's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (the "Joint Declaration").  Should any other movant attempt to present proof that Movants are inadequate, courts in this District have found that such declarations demonstrate a movant group's adequacy.  *See, e.g.*, *Faris v. Longtop Fin. Techs. Ltd.*, No. 11-cv-3658-SAS, 2011 WL 4597553, at *7 (S.D.N.Y. Oct. 4, 2011); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840-RJS, 2017 WL 281742, at *4-*5 (S.D.N.Y. Jan. 19, 2017); *Mahapatra v. Fuqi International, Inc*, No. 10-cv-2515-DAB, 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010); *Marsch v. Rui Feng*, No. 12-cv-9456-JSR, 2013 WL 3204193, at *2 (S.D.N.Y. June 13, 2013).

### D.     Movants' Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Movants' selection of Glancy

Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.").

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 34-4 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Movants' selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Movants' selection of lead counsel for the class should be approved. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514-JPO, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead counsel).

## III.    CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court grant their motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) denying the competing motions.

Dated:  April 8, 2019                    **GLANCY PRONGAY & MURRAY LLP**

By: _s/ Lesley F. Portnoy_
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite, 530
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

-and-

Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants and Proposed Lead Counsel for the Class*

9

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 8, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

10