**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-00678-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER, | |
| Defendants. | |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-00990-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, | |
| Defendants. | |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-02136-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MICRON INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ...................................................................................................... 3

    A.  THE MICRON INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST OF ANY MOVANT PROPERLY BEFORE THE COURT ....................... 3

    B.  THE MICRON INVESTOR GROUP HAS MADE A PRELIMINARY SHOWING THAT IT SATISFIES THE REQUIREMENTS OF RULE 23 ................... 5

        1.  The Micron Investor Group is Typical of the Class ...................................... 5

        2.  The Micron Investor Group Satisfies the Adequacy Requirement ............................ 6

    C.  THE FISH GROUP HAS FAILED TO PUT FORTH ANY EVIDENCE SHOWING IT IS A COHESIVE GROUP THAT IS CAPABLE OF ADEQUATELY REPRSENTING THE INTERESTS OF THE CLASS ...................... 8

    D.  IF THE COURT DECLINES TO APPOINT A GROUP, MR. PATEL SHOULD BE APPOINTED AS SOLE LEAD PLAINTIFF ......................................................... 10

III.  CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Brady v. Top Ships Inc*.,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................................. 7

*Chao Sun v. Han*,
  2015 U.S. Dist. LEXIS 64060 (D.N.J. May 14, 2015) .......................................................... 9

*Cullinan v. Cemtrex, Inc.*,
  287 F. Supp. 3d 277 (E.D.N.Y. 2018) .................................................................................. 8

*Emerson v. Genocea Biosciences, Inc.*,
  2018 U.S. Dist. LEXIS 22228 (D. Mass. Feb. 12, 2018) ...................................................... 6

*Francisco v. Abengoa, S.A.*,
  2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ...................................................... 4

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
  258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................................... 8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
  2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) .................................................... 6

*In re E.spire Communs., Sec. Litig.*,
  231 F.R.D. 207 (D.Md. 2000) .............................................................................................. 10

*In re MGT Capital Invs., Inc*,
  2017 U.S. Dist. LEXIS 59130 (S.D.N.Y. Apr. 11, 2017) ...................................................... 7

*In re Olsten Corp. Securities Litig.*,
  3 F. Sup. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 3

*In re Pfizer Inc. Securities Litigation*,
  233 F.R.D. 334 (S.D.N.Y. 2005) .......................................................................................... 10

*In re Star Gas Sec. Litig.*,
  2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005) .......................................................... 3

*In re Tarragon Corp. Sec. Litig.*,
  No. 07 CIV. 7972PKC, 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) .................................... 10

*In re Third Ave. Mgt. LLC Sec. Litig.*,
  2016 U.S. Dist. LEXIS 72344 (S.D.N.Y. May 13, 2016) ...................................................... 8

*In re Versata, Inc.*,
  No. C 01-1439-SI, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001) ...................... 10

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................... 7

*Lax v. First Merchants Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................ 3

*Mannkind Sec. Actions*,
   2011 U.S. Dist. LEXIS 164320 (C.D. Cal. Apr. 27, 2011) ...................................... 11

*Marsch v. Feng,*
   2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013 .......................................... 6

*Rosian v. Magnum Hunter Res. Corp.*,
   2013 U.S. Dist. LEXIS 146236 (S.D.N.Y. Oct. 7, 2013) ...................................... 2, 8

*Ruland v. InfoSonics Corp.*,
   2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006) ........................................ 11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................... 5, 6, 8, 9

*Xu v. Gridsum Holding, LLC*,
   2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sep. 17, 2018)........................................ 6

**Statutes**

15 U.S.C. §§78u-4(a)(3)(B)(i) .......................................................................................... 3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).............................................................................. 5

Movants Dhiru Z. Patel ("Patel"), Cetin Kayaer ("Kayaer"), and Alexandru Vintu ("Vintu") (and together, the "Micron Investor Group" or the "Group")[1] respectfully submits this memorandum of law in further support of its Motion and in opposition to the motions filed by: (1) James Ferraro and Ferraro Family Foundation Inc. ("Ferraro") (Dkt. No. 15); (2) Frank Mobassery ("Mobassery") (Dkt. No. 18); (3) the Employees' Retirement System of Rhode Island ("Rhode Island") (Dkt. No. 20); (4) Novriyanto Lius and Thomas Fish (the "Fish Group") (Dkt. No. 27); (5) Bharat Chandak[2] (Dkt. No. 28); (6) Anwer Ali, Hasnain Darwala, and Fernando Camarce (the "Ali Group")[3] (Dkt. No. 31); (7) Seafarers Pension Plan, Seafarers Health and Benefits Plan, Seafarers Vacation Plan, United Industrial Workers Pension Plan, Seafarers Officers & Employees' Pension Plan, Seafarers Money Purchase Pension Plan, and MCS Supplementary Pension Plan (collectively, the "Seafarers Funds")[4] (Dkt. No. 39); and (8) Earle Thornhill ("Thornhill") (Dkt. No. 42).

## I.    INTRODUCTION

Pending before the Court are five remaining motions to consolidate the related actions, be appointed as lead plaintiff, and for approval of selection of counsel. The Micron Investor Group suffered over *$4 million* in losses as a result of Defendants' alleged misconduct. One of the group's

---

[1] Unless noted otherwise, all capitalized defined terms shall have the same meaning as set forth in the Micron Investor Group's opening Memorandum of Law in Support of its Motion. Dkt. No. 26.

[2] On April 3, 2019, Bharat Chandak filed a Notice of Non-Opposition to competing lead plaintiff motions, recognizing "he does not possess the largest financial interest among the various movants." *See* Dkt. No. 47.

[3] On April 5, 2019, the Ali Group filed a Notice of Non-Opposition to Motions to the remaining movants before the Court, recognizing it "does not appear to have the greatest financial interest in the Related Actions and does not oppose the competing motions." Dkt. No. 48.

[4] On April 8, 2019, the Seafarers Funds filed a Response to Competing Lead Plaintiff Motions recognizing that it does "not assert the largest financial interest." Dkt. No. 49.

members, Mr. Patel, alone, suffered ***the largest individual loss*** of any movant, incurring approximately $3 million in losses.

The Micron Investor Group's substantial losses, alone, require that it be appointed lead plaintiff over all but one competing movant—the Fish Group. The Fish Group, despite claiming a slightly larger collective loss than the Micron Investor Group, is inadequate because it has failed to put forth ***any evidence*** showing that its members were even aware of one another before filing— let alone that they can act cohesively and separately from their lawyers to fulfill their duties as lead plaintiff under the PSLRA. *See Rosian v. Magnum Hunter Res. Corp.*, 2013 U.S. Dist. LEXIS 146236, at *3 (S.D.N.Y. Oct. 7, 2013) (rejecting group where there was "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted).[5]

In contrast, the Micron Investor Group submitted a detailed joint declaration in support of its motion evidencing: (1) the sophistication of its members; (2) its members' decision to work together to prosecute the action; (3) a joint call held on March 22, 2019 to discuss strategy; (4) a procedure for resolving potential disputes; and (5) its strategy for vigorously prosecuting the Actions to obtain the largest recovery possible for the Class. *See* Dkt. No. 30-4 ("Joint Declaration"). Since filing its opening motion, the Micron Investor Group has continued to stay informed about the status of the Actions and lead plaintiff motions through email communications and holding a second joint call on April 5, 2019 to discuss status and strategy. *See* Second Joint Declaration, Ex. A. Thus, the Micron Investor Group has continued to demonstrate it is a cohesive

---

[5] Unless otherwise noted, all citations are omitted and all emphasis is added.

group capable of adequately overseeing counsel and managing this litigation in an informed and efficient manner.

The Micron Investor Group also satisfies the typicality and adequacy requirements of Rule 23 of the PSLRA by virtue of having suffered losses in the same way as the members of the Class, having no conflicts of interest with class members, and having retained experienced and competent counsel to litigate the Actions.

As explained further *infra*, the Micron Investor Group should be appointed as lead plaintiff, and its choice of Levi & Korsinsky as lead counsel should be approved.

## II.    ARGUMENT

### A.  THE MICRON INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST OF ANY MOVANT PROPERLY BEFORE THE COURT

In deciding who to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest and appoint the movant with "largest financial interest in the relief sought by the class" who *also* "otherwise satisfies the requirements" of Rule 23. 15 U.S.C. §§78u-4(a)(3)(B)(i), (iii); *see also In re Star Gas Sec. Litig.,* 2005 U.S. Dist. LEXIS 5827, at *8 (D. Conn. Apr. 8, 2005) (explaining that "the Court should not undertake a comprehensive review of all the lead plaintiff motions at once. Rather, the Court should consider the motions sequentially, from greatest to smallest loss….")

In determining which movant has the largest financial interest, courts in the Second Circuit and across the country rely on four financial metrics commonly referred to as the Lax/Olsten factors to determine which lead plaintiff movant has the largest financial interest. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Sup. 2d 286, 295 (E.D.N.Y. 1998). The four *Lax/Olsten* factors are: (1) the total number of shares purchased during the class period; (2) the number of net shares

3

purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *Id.* Of the four *Lax/Olsten* factors, courts consider the fourth factor, losses suffered, to be the most important. *Francisco v. Abengoa, S.A.*, 2016 U.S. Dist. LEXIS 68145, at *14 (S.D.N.Y. May 24, 2016) ("courts have consistently held that…the magnitude of the loss suffered, is most significant.")

As demonstrated in the following table, when properly disaggregating the Fish Group, the Micron Investor Group has both the largest collective loss and the largest individual loss of any competing movant:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended on Shares | Claimed Losses (stock and options) |
|---|---|---|---|---|
| The Micron Investor Group | 1,035,519 | 136,400 | $8,637,341.61 | $4,356,045.96 |
| Dhiru Z. Patel | 1,002,319 | 103,400 | $6,645,921.61 | $3,005,382.81 |
| Cetin Kayaer | 33,000 | 33,000 | $1,991,880.00 | $840,421.15 |
| Alexandru Vintu | 200 | 0 | $(460.00) | $510,242.00 |
| ~~Fish Group~~ | ~~273,450~~ | ~~100,000~~ | ~~$6,435,546.79~~ | ~~$5,192,017.56~~ |
| Novriyanto Lius | 173,450 | 0 | $424,875.21 | $2,775,939.21 |
| Thomas Fish | 100,000 | 100,000 | $6,010,671.58 | $2,416,078.35 |
| Thornhill | 327,618 | 5,630 | $1,555,653.09 | $1,353,295.28 |
| Ferraro | 167,500 | 167,500 | $7,347,504.45 | $1,326,702.72 |
| Rhode Island | 129,898 | 103,988 | $4,815,200.24 | $1,231,383.09 |
| Mobassery | 97,420 | 97,420 | $3,845,367.79 | $310,921.24 |

Indeed, the Micron Investor Group has ***nearly double*** the losses of the next highest movant and the largest financial interest under each of the *Lax/Olsten* factors compared to the competing

4

movants except for shares retained with respect to Ferraro. To be sure, the Micron Investor Group has nearly *four times* the losses as Ferraro—triggering the PSLRA's strong presumption in favor of appointing it as Lead Plaintiff.

### B. THE MICRON INVESTOR GROUP HAS MADE A PRELIMINARY SHOWING THAT IT SATISFIES THE REQUIREMENTS OF RULE 23

In addition to the largest financial interest requirement, the PSLRA also requires that the lead plaintiff "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, courts only consider typicality and adequacy of representation. Moreover, a movant need only make a *prima facie* showing that the lead plaintiff movant satisfies Rule 23. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a *prima facie* showing that the requirements of Rule 23 are met is sufficient"). When a previously-unrelated group seeks appointment as lead plaintiff, that group must put forth evidence of its adequacy to represent the class by demonstrating that it can function cohesively apart from its lawyers. Here, the only group to make such a showing is the Micron Investor Group.  Both the Fish Group and the Ali Group have failed to provide *any* evidence to demonstrate their adequacy and, thus, have failed to show they are anything but the product of lawyer-driven litigation.

### 1.  The Micron Investor Group is Typical of the Class

There can be no dispute that the Micron Investor Group satisfies the typicality requirement. Like all members of the Class, the Micron Investor Group: (1) purchased Micron shares during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by defendants; and (3) suffered heavy losses as a result. Thus, the Micron Investor Group's claims are substantially similar, if not identical, to those of the other Class members who purchased Micron shares during the Class Period and suffered losses from Defendants' alleged

misconduct. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 U.S. Dist. LEXIS 207531, at *9 (E.D.N.Y. Dec. 15, 2017) (typicality satisfied where movant's claims arise "out of the course of events alleged in the Complaint and do not differ with regard to how Defendants' liability would be proved."); *Xu v. Gridsum Holding, LLC*, 2018 U.S. Dist. LEXIS 158497, at *11 (S.D.N.Y. Sep. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2. The Micron Investor Group Satisfies the Adequacy Requirement

The Micron Investor Group readily satisfies the adequacy requirement of Rule 23. Levi & Korsinsky, proposed Lead Counsel for the Class, are highly experienced in securities class actions such as this and are well qualified to litigate the Related Actions on behalf of the Class. *See* Dkt. No. 35-4 (firm résumé of Levi & Korsinsky). Moreover, the Micron Investor Group has no conflicts with absentee Class members and is highly motivated to recover its collective losses of over $4.35 million. *See Marsch v. Feng,* 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class.").

The Micron Investor Group is a proper lead plaintiff group under established caselaw. The Group consists of just three sophisticated investors who collectively have over seventy-nine years of experience investing in securities. *See* Joint Declaration at ¶¶3-4. The Micron Investor Group includes: (1) an IT Manager; (2) a retiree and former employee of the Valley Transportation Authority; and (3) a retired engineer. *Id. See Emerson,* 2018 U.S. Dist. LEXIS 22228, at *14 (sophistication of group members demonstrates ability to direct litigation and "prevent it from becoming lawyer-driven"); *see also Varghese*, 589 F. Supp. 2d at 392 (considering the sophistication of group members).

6

In addition to being sophisticated investors with accomplished backgrounds, the Micron Investor Group's members have already demonstrated their commitment to acting cooperatively as Lead Plaintiff in the Actions by participating in a joint call to discuss their roles as Lead Plaintiff and their plans for litigating this case. Joint Declaration at ¶10. Through these discussions, the Micron Investor Group has also agreed on a decision-making mechanism to reach crucial decisions in the event unanimity cannot be achieved. *See id.* at ¶16 (if decision cannot be reached after consulting with counsel "we agree to present our respective views to a qualified independent arbitrator who has previously served as a state or federal judge and to be bound by any decisions made by the arbitrator"). In addition, as set forth in their Second Joint Declaration, after lead plaintiff motions were filed on March 25, 2019, the Micron Investor Group continued to stay informed about the status of the Action and the lead plaintiff filings through emails. Second Joint Declaration, ¶2. The Group also held a second call on April 5, 2019 during which they discussed the other competing lead plaintiff motions and the strategy for opposing those motions. *Id.* at ¶5.

The representations in the Joint Declaration and involvement thus far in this litigation demonstrates the Micron Investor Group is a cohesive group able to oversee counsel and stay informed about the progress of the case whose members are, above all, committed to "obtaining the largest recovery possible for the Class". *Id.* at ¶12. *See Chahal v. Credit Suisse Grp. AG,* 2018 U.S. Dist. LEXIS 104185, at *17 (S.D.N.Y. June 21, 2018) (joint declaration proves group members "have been active in the litigation thus far" and have a "plan to cooperate"); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 118-19 (S.D.N.Y. 2010) (joint declaration evidence of cohesiveness and ability to manage litigation); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 347-48 (E.D.N.Y. 2018) (joint declaration effective despite lacking mechanism for resolving disputes); *In re MGT Capital Invs., Inc*, 2017 U.S. Dist. LEXIS 59130, at *9 (S.D.N.Y. Apr. 11, 2017) (joint

declaration "attesting to [] ability and willingness to coordinate" shows ability to function cohesively); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (through declaration group showed ability to "function cohesively and to effectively manage the litigation apart from their lawyers"); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286 (E.D.N.Y. 2018) (appointing a group as lead plaintiff where filings indicate the "group members' plans for cooperating and involvement in the litigation.").

### C. THE FISH GROUP HAS FAILED TO PUT FORTH ANY EVIDENCE SHOWING IT IS A COHESIVE GROUP THAT IS CAPABLE OF ADEQUATELY REPRSENTING THE INTERESTS OF THE CLASS

"Ultimately, to enjoy the PSLRA's rebuttable presumption, 'a proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs.'" *In re Third Ave. Mgt. LLC Sec. Litig.*, 2016 U.S. Dist. LEXIS 72344, at \*7 (S.D.N.Y. May 13, 2016)  (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *see also Rosian v. Magnum Hunter Res. Corp.*, 2013 U.S. Dist. LEXIS 146236, at \*3 (S.D.N.Y. Oct. 7, 2013) (rejecting movant group where there had been "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted). "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F.Supp.2d at 392.

Noticeably absent from the Fish Group's lead plaintiff application is **any** evidence of the group's cohesion or ability to collectively manage the litigation. Indeed, unlike the Micron Investor Group, the Fish Group did not submit a joint declaration or any evidentiary proffer expressing its members' solidarity or describing any agreed-upon arrangements for managing the litigation. For example, the Fish Group has not provided any evidence demonstrating its members were aware of one another's existence **at the time of filing**, that they agreed to move for lead plaintiff as a group, that its group members have ever spoken or have any mechanism for communicating and joint decision-making to supervise counsel and manage the litigation. These failures are fatal to the Fish Group's request to aggregate their losses. *In re Tarragon Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91418, at \*3–4 (S.D.N.Y. Dec. 6, 2007) (rejecting two groups seeking appointment as lead plaintiff where neither had "proven its own existence. Other than that each of the two groups is represented by a set of lawyers, no information is provided. There is no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future."); *see also Varghese*, 589 F. Supp. 2d at 394 (rejecting group where it did not "inform the Court whether its members have ever communicated with each other or plan to do so in the future, or if they are even aware of each other's existence."); *Chao Sun v. Han*, 2015 U.S. Dist. LEXIS 64060, at \*9 (D.N.J. May 14, 2015) (rejecting group of two when they failed to "provide any evidence that they can work cohesively as a group or why they should be permitted to. **It is not apparent from the Declarations submitted that Aerts and Xi even know each other**.).

Moreover, the Fish Group has not provided any evidence of its formation, cohesiveness and functioning and thus has failed to address any of the *Varghese* factors. Hence, the Fish Group has failed to demonstrate that its grouping is in the "best interest of the class." *Varghese*, 589 F. Supp. 2d at 392 ("[A] group must proffer an evidentiary showing that unrelated members of a

9

group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs."); *see In re Tarragon Corp. Sec. Litig*., 2007 U.S. Dist. LEXIS 91418, at *1-2 ("[T]o enjoy the rebuttable presumption that the statute confers, there must be some *evidence* that the members of the group will act collectively and separately from their lawyers.").

Permitting a group consisting of unrelated movants to aggregate their losses ***absent evidence of cohesiveness***, as the Fish Group seeks to do here, "runs the risk that attorneys will seek to put together a group of unrelated plaintiffs for the sole purpose of having that group qualify as the group with the 'largest financial interest,' in turn leading to such attorneys' appointment as lead counsel." *In re E.spire Communs., Sec. Litig.*, 231 F.R.D. 207, 213 (D.Md. 2000). Accordingly, "courts have held that both the context and the structure of the PSLRA demonstrate that a 'group of persons,' within the meaning of the statute, should consist of more than a mere assemblage of unrelated persons"). *Id*; *see also In re Versata, Inc.*, No. C 01-1439-SI, 2001 U.S. Dist. LEXIS 24270, at *19–20 (N.D. Cal. Aug. 20, 2001) (in determining the adequacy of a group movant, "the singular focus [should] be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel").

The Fish Group has not met its burden to show that its members comprise a proper group for the purposes of the PSLRA. Under these circumstances, the Fish Group's losses should not be aggregated for the purposes of determining who has the largest financial interest. *See e.g.*, *In re Pfizer Inc. Securities Litigation,* 233 F.R.D. 334, 337 (S.D.N.Y. 2005) ("Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA . . . and I reject it.").

### D. IF THE COURT DECLINES TO APPOINT A GROUP, MR. PATEL SHOULD BE APPOINTED AS SOLE LEAD PLAINTIFF

10

In the event the Court chooses to appoint a single investor as lead plaintiff in the Actions, the Court should appoint Mr. Patel as Lead Plaintiff. As demonstrated above, Mr. Patel has the largest individual loss of any movant before the Court and also satisfies the typicality and adequacy requirements of Rule 23. *See Mannkind Sec. Actions*, 2011 U.S. Dist. LEXIS 164320, at *14 (C.D. Cal. Apr. 27, 2011) (appointing individual member of group because "one of its individual members, [] has the largest financial stake in this controversy"); *see also  Ruland v. InfoSonics Corp.*, 2006 U.S. Dist. LEXIS 79144 at *4-6 (S.D. Cal. Oct. 23, 2006) (after declining to aggregate a group, the court nevertheless appointed one of the individual members of that group to be lead plaintiff because he had the largest financial interest in the litigation.).

During the Micron Investor Group's conference call on April 5th, they discussed and agreed that should the Court prefer to appoint a single investor as lead plaintiff, Mr. Patel should be appointed as he has the largest financial interest in the litigation and satisfies Rule 23. Second Joint Declaration at ¶8.  The Group expressed its confidence in Mr. Patel's ability to adequately represent the best interests of the Class based upon their interactions with Mr. Patel demonstrating his diligence and commitment to obtain the best result possible for the Class. *Id.* at ¶¶8-9.

## III.    CONCLUSION

For the foregoing reasons, the Micron Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Micron Investor Group as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: April 5, 2019                                   Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)

11

55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

12