**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANCE KNIFFIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER, <br><br> Defendants. | **CASE No.: 1:19-cv-00678-WHP** <br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINIFF MOTION OF JAMES FERRARO AND FERRARO FAMILY FOUNDATION INC.** <br><br> **<u>CLASS ACTION</u>** |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, <br><br> Defendants. | **CASE No.: 1:19-cv-00990-WHP** <br><br> **<u>CLASS ACTION</u>** |

DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,

Defendants.

CASE No.: 1:19-cv-02136-WHP

**CLASS ACTION**

Only three motions lead plaintiff motions remain.[1]  Two movants—both unrelated investor groups—claim larger losses than James Ferraro and the Ferraro Family Foundation (collectively, "Ferraro"): Novriyanto Lius and Thomas Fish ("Lius Group") and Micron Investor Group-Levi & Korsinsky LLP ("MIG-Levi Group").  But, however, these unrelated investor groups continue to exaggerate their losses by including losses from securities sold prior to the lone corrective disclosure in this case on November 19, 2018. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.").

Additionally, while the competing groups in their oppositions invite the Court to break them apart and appoint their largest constituent member as sole lead plaintiff, the Court should refuse to do so.  These groups cannot have it both ways.  They both claim, through conclusory joint declarations, that they are cohesive units that can work together, yet on the other hand request the Court to consider the largest of their constituent members as sole lead plaintiff.  Such

---

[1] On April 3, 2019 movant Bharat Chandak filed a notice of non-opposition acknowledging that he did not have the largest financial interest.  Dkt. No. 47.  On April 5, 2019 the Micron Investor Group (Pomerantz LLP) filed a notice of non-opposition.  Dkt. No. 48.  Similarly, on April 8, 2019, the Seafarers Funds filed a response stating that they did not have the largest financial interest. Dkt. No. 49.  Finally, on April 11, 2019, movant Dr. Earle Thornhill withdrew his lead plaintiff motion.  Dkt. No. 58.

2

hedging is not client driven; it is merely a lawyer-created hedge to ensure lead plaintiff appointment, and brings into the question the groups' cohesiveness. The Court should not countenance this tactic and reject both groups and their members. *See, e.g.*, *Jakobsen v. Aphria Inc. et al.*, No 1:18-CV-11376-GBD, slip op. at 3-7 (S.D.N.Y. Mar. 27, 2019) (rejecting group and its members, even where member had the largest individual loss and various joint declarations submitted); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (same); *Abouzied v. Applied Optoelectronics, Inc*, No. 4.17-CV-2399, 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018) (same).

In contrast, Ferraro retained the most shares, 167,500, expended the most net funds, $7,347,504.45, and lost over $1.3 million and thus has the largest financial interest. Additionally, no one has challenged Ferraro's adequacy or typicality. Given these circumstances, the Court should appoint Ferraro Lead Plaintiff and approve his selection of counsel and deny the competing motions.

### A. THE LIUS AND MIG-LEVI GROUPS EXAGGERATE THEIR FINANCIAL INTEREST

Lius Group Exaggerates its Financial Interest

Lius Group acknowledges in its opposition at 5 that losses from sales of stock prior to a corrective disclosure-- in-and-out trades-- should not be credited at the lead plaintiff stage. (Dkt. No. 52, at 5). However, Lius Group does not correctly apply this principle to its own trades. Lius correctly notes that under LIFO that *losses* from in-and-out trades are properly excluded, but is incorrect that *gains* are excluded. *Id.* The reason why courts favor LIFO analysis over FIFO is because "unlike FIFO, [LIFO] takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price." *In re eSpeed, Inc. Sec. Litig.*, 93 F. Supp.3d 96, 101, 102 (S.D.N.Y. 2005) ("Because this method contemplates the

offsetting gains the parties collected during the class period, it is a better measurement of the true damages sustained by plaintiffs."); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) ("Southern District of New York courts have a very strong preference for the LIFO method in calculating loss"); *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010) ("courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff") (citing *eSpeed*, 93 F. Supp.3d. at 102).  Thus, the purported LIFO analysis in the Lius Group's opposition at 5-6 should be rejected. (Dkt. No. 52, at 5-6).

On its face, the Lius Group improperly credits in-and-out losses.  For example, Mr. Lius claims over $1.8 million in losses from options contracts he purchased on 6/25/18 that expired on 9/21/2018—almost two months *prior to the lone November 19, 2018 corrective disclosure in the case. See* Dkt. No. 34-3, at 5.  Numerous such examples are included in Mr. Lius loss analysis including a $999,999 loss on options expiring on 9/21/2018.  *Id.* The logic of *Dura* applies here: Losses on short-term options such as these where the contract expired before the truth was disclosed are independent of the misrepresentation. *See generally Dura*, 544 U.S. at 342 (a securities plaintiff must allege and prove a causal connection between the alleged fraudulent statement or conduct and plaintiff's economic loss).

MIG-Levi Group Exaggerates its Financial Interest

MIG-Levi Group implicitly acknowledges the appropriateness of rejecting in-and-out losses.  MIG-Levi Group has set forth what appears to be *Dura* losses on its common stock purchases set forth in its loss chart.  The *Dura* losses of Mr. Patel on his common stock is $940,574.01, whereas his stated financial loss is $2,958,289.82. Dkt. No. 30-2.  Mr. Patel suffers from the same defect that the Lius Group has on his options transactions.  Mr. Patel also includes losses on options contracts that expired prior to the corrective disclosure.  For example—he

4

includes a loss of $51,950 for options that expired October 26, 2018, various short-term contracts he purchased from September 19, 2018 through October 5, 2018. *Id.* at 19.

*     *     *

Because this is a one corrective disclosure case at the end of the Class Period (11/19/2018) and there is no dispute that losses prior to the corrective disclosure in this case should not be credited, net shares purchased is a better indicator of financial interest in this case. *Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *5 (N.D. Cal. July 2, 2013) (looking to number of shares purchased during and retained as of last day of class period); *Schueneman v. Arena Pharmaceuticals, Inc.*, 2011 WL 3475380, at *4 (S.D. Cal. Aug. 8, 2011) (adopting retained shares method of calculating financial interest and appointing movant with $30,000 less in losses than competing movant because that movant retained 300,000 additional shares); *Ruland v. InfoSonics Corp.*, 2006 WL 3746716, at *5 (S.D. Cal. Oct. 23, 2006) (stating that courts typically equate "largest financial interest" with the amount of potential recovery).[2]

This is particularly true, where, as here, the price of the Micron stock fluctuated dramatically during the class period for reasons unrelated to the claims alleged in the complaints. During the class period, Micron stock reached a high of $62.62/share on May 29, 2018 and a low of $34.18/share on September 26, 2017. *See* Yahoo! Finance, *Micron Technology, Inc. (MU) Historical Data*, https://finance.yahoo.com/quote/MU/history?p=MU (last visited April 15, 2019). The following chart illustrates the volatility of Micron's stock price during the Class Period.

---

[2] Indeed, in allocating settlement funds to class members, settlement plans of allocation often do not compensate in and out purchasers. *See, e.g.*, *Vinh Nguyen v. Radient Pharm. Corp.*, 2014 WL 1802293, at *8 (C.D. Cal. May 6, 2014); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *13 (S.D.N.Y. Nov. 7, 2007); *In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *8 (D. Conn. Aug. 20, 2012).



**B.  THE UNRELATED GROUPS SHOULD BE REJECTED**

In opposition MIG-Levi and Lius Groups argue over the purported cohesiveness of their groups and try to draw distinctions regarding whether their joint declarations were filed with their opening papers or with their opposition.  These are distinctions without a difference as Courts have rejected similarly worded and conclusory declarations.  *Takata*, 2018 WL 5801379 at *5 (rejecting declaration because assertions of cohesiveness and independence such as stating the group is made of individuals with "interests in prosecuting the case in a collaborative, likeminded manner" were conclusory); *Jakobsen*, No 1:18-CV-11376-GBD, slip op. at 5-7 (rejecting a declaration similarly worded to that submitted by the Lius Group); *Local No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191 (S.D.N.Y. 2011) (rejecting a group because, among other reasons, it that made no showing of any pre-existing relationship and submitted joint declaration with only conclusory assurances) (Pauley, J.).

Additionally, to the extent each group asks the Court to consider their largest constituent members as sole lead, the Court should refuse to do so.  These groups cannot have it both ways— they each claim they can act in a cohesive and unified manner because the group structure uniquely benefits the class, and yet are both willing to abandon the group in favor of its largest constituent member.  Such hedging is not client driven on this record, and is merely a

lawyer-created hedge to ensure lead plaintiff appointment. The court should reject considering the group members individually under these circumstances. *Takata*, 2018 WL 5801379, at n.5 ("This belated offer to break apart the group and request [individual member of proposed group] as lead plaintiff does not assuage the Court's concerns that the attorneys, and not the plaintiffs, have initiated [the proposed group's] efforts."); *Jakobsen*, No 1:18-CV-11376-GBD, slip op. at n.5 (the court "need not consider" argument that individual member of group had a larger loss than opposing movant after determining the group could not jointly serve as lead plaintiffs); *Abouzied*, 2018 WL 539362, at *5; *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (declining to evaluate individuals from groups to serve as lead plaintiff and noting that the "willingness to abandon the group only suggests how loosely it was put together"); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 2009 WL 10684924, at *5 (D. Colo. May 4, 2009) (declining "request to appoint only one individual out of an otherwise inadequate group").

**CONCLUSION**

For the foregoing reasons, the Court should grant Ferraro's motion and deny the competing motions.

Dated: April 15, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

7

8

[Proposed] Lead Counsel for Plaintiffs and Class

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

9