## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-00678-WHP |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-00990-WHP |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER,<br><br>Defendants. | Case No. 1:19-cv-02136-WHP |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF NOVRIYANTO LIUS AND THOMAS FISH FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................... 1

II.  ARGUMENT.......................................................................................................... 2

    A.  Lius and Fish Are the Presumptively Most Adequate Plaintiff............................ 2

        1.  LIFO Loss Is the Most Appropriate Metric for Determining Which Movant Has the Largest Financial Interest .................................................. 3

        2.  The Court Should Reject the Ferraro Group's Alternative Financial Interest Calculation Methodology.................................................. 5

    B.  The Presumption that Lius and Fish Are the Most Adequate Plaintiff Has Not Been Rebutted............................................................................................. 6

        1.  Lius and Fish Are Cohesive, and Would Be Adequate Class Representatives ................................................................................. 6

        2.  Lius' Options Transactions Render Lius and Fish More Adequate and Typical, Not Less ................................................................................... 9

    C.  Lius and Fish's Selection of Counsel Should Be Approved................................ 10

III.  CONCLUSION..................................................................................................... 10

# TABLE OF AUTHORITIES

CASES

*Andrada v. Atherogenics, Inc.*,
   No. 05-cv-00061-RJH, 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005) ...................................... 10

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12-cv-1203-PAE, 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ........................................ 3

*Bodri v. Gopro, Inc.*,
   No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ....................................... 6

*Chandler v. Ulta Beauty, Inc.*,
   No. 18-cv-1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018) .................................................. 5

*Constance Sczesny Tr. v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................. 6

*Cook v. Allergan PLC*,
   No. 18-cv-12089-CM, 2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) .................................... 10

*Cullinan v. Cemtrex, Inc.*,
   287 F. Supp. 3d 277 (E.D.N.Y. 2018) ................................................................................. 8, 9

*Dougherty v. Esperion Therapeutics, Inc.*,
   No. 16-cv-10089, 2016 WL 8243166 (E.D. Mich. Apr. 5, 2016) ............................................. 8

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005) ................................................................................................................. 4

*Elstein v. Net1 UEPS Techs., Inc.*,
   No. 13-cv-9100 ER, 2014 WL 3687277 (S.D.N.Y. July 23, 2014) ........................................... 5

*Faris v. Longtop Fin. Techs. Ltd.*,
   No. 11-cv-3658-SAS, 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .......................................... 7

*Freudenberg v. E*Trade Fin. Corp.*,
   No. 07-cv-10400, 2008 WL 2876373 (S.D.N.Y. July 16, 2008) ............................................... 5

*Goldstein v. Puda Coal, Inc.*,
   827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...................................................................................... 5

*Gutman V. Sillerman*,
   No. 15-cv-7192-CM, 2015 WL 13791788 (S.D.N.Y. Dec. 8, 2015) ........................................ 4

*Hansen v. Ferrellgas Partners, L.P.*,
   No. 16-cv-7840-RJS, 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017)............................................. 7

*Hung v. iDreamSky Tech. Ltd.*,
   No. 15-cv-2514-JPO, 2016 WL 299034 (S.D.N.Y. Jan. 25, 2016) ......................................... 10

*In re Bally Total Fitness Sec. Litig.*,
   No. 04-cv-4697, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005)...................................................... 3

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-cv-4846, 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) .................................................. 8

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997)................................................................................................. 10

*In re Elan Corp. Sec. Litig.*,
   No. 08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................... 10

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005)................................................................................................. 3, 9

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008)................................................................................................... 3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003) ......................................................................................... 9

*In re KIT Digital, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013).................................................................................................. 1

*In re Sequans Communications S.A.*,
   289 F. Supp. 3d (E.D.N.Y. 2018)................................................................................................. 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007).................................................................................................... 3

*Mahapatra v. Fuqi International, Inc*,
   No. 10-cv-2515-DAB, 2010 WL 11575585 (S.D.N.Y. July 26, 2010) ...................................... 7

*Marsch v. Rui Feng*,
   No. 12-cv-9456-JSR, 2013 WL 3204193 (S.D.N.Y. June 13, 2013)........................................... 7

*Peters v. Jinkosolar Holding Co.*,
   No. 11-cv-7133 JPO, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ........................................... 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004)...............................................................................................6

*Sallustro v. CannaVest Corp.*,
    93 F. Supp. 3d 265 (S.D.N.Y. 2015) ............................................................................... 4, 5, 6

*Shanawaz v. Intellipharmaceutics Int'l Inc.*,
    No. 17-cv-5761-JPO, 2017 WL 5633168 (S.D.N.Y. Nov. 21, 2017).........................................8

*Simmons v. Spencer*,
    No. 13-cv-8216-RWS, 2014 WL 1678987 (S.D.N.Y. Apr. 25, 2014).........................................8

*Takara Tr. v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................3

*Vladimir v. Bioenvision, Inc.*,
    No. 07-cv-6416, 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) .............................................6, 7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003)................................................................................................5

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
    No. 05-cv-04617-RJH, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) .........................................3

## STATUTES

15 U.S.C. § 78u-4(a)(3)(B)...........................................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)..................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(v) .....................................................................................................10

## RULES

Fed. R. Civ. P. 23......................................................................................................................1, 3

Lead Plaintiff Movants Novriyanto Lius and Thomas Fish ("Movants" or "Lius and Fish") submit this reply memorandum of law in further support of their motion for consolidation, appointment as lead plaintiff, and approval of lead counsel (Dkt. No. 27), and in reply to Dr. Thornhill's, the Ferraro Group's, and the Micron Investor Group's oppositions to Lius and Fish's motion (Dkt. No. 50, the "Thornhill Opp."; Dkt. No. 53, the "Ferraro Opp."; Dkt. No. 54, the "MIG Opp.").[1]

## I.   INTRODUCTION

Lius and Fish, Dr. Thornhill, the Ferraro Group, and the Micron Investor Group each moved for appointment as lead plaintiff and approval of counsel. *See* Dkt. Nos. 15, 25, 27, 42.[2] While Dr. Thornhill withdrew his lead plaintiff motion on April 11, 2019 (*see* Dkt. No. 58), the motions of Lius and Fish, the Ferraro Group, and the Micron Investor Group are still pending.

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") mandates that this Court appoint the "most adequate plaintiff" to serve as lead plaintiff, and provides a presumption that the most adequate plaintiff is the movant that "has the largest financial interest in the relief sought by the class" that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B). Here, Lius and Fish have the largest financial interest, and satisfy the requirements of Rule 23. As such, Lius and Fish are the presumptively most adequate plaintiff.

---

[1] None of the other movants oppose consolidation. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

[2] Of the original nine lead plaintiff movants, only three remain: Lius and Fish, the Ferraro Group, and the Micron Investor Group. Since the lead plaintiff motions were filed, four of the remaining six filed notices informing the Court that they do not oppose the competing motions (or withdrew their motions): Bharat Chandak (*see* Dkt. No. 47); the group composed of Anwer Ali, Hasnain Darwala, and Fernando Camarce (*see* Dkt. No. 48); Rhode Island (*see* Dkt. No. 51); and Dr. Earle Thornhill (*see* Dkt. No. 58). The two remaining movants—Frank Mobassery and the Seafarers Funds—did not file opposition briefs, so their motions should be deemed abandoned. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013).

Moreover, the competing movants' attempts to rebut the presumption are ineffective. To rebut the presumption, the competing movants must present proof that Lius and Fish "will not fairly and adequately protect the interests of the class" or that Lius and Fish are "subject to unique defenses that render [them] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the Micron investor Group and Dr. Thornhill claim that Lius and Fish are not cohesive and thus inadequate. The contention is belied, however, by Lius and Fish's Joint Declaration[3] in Support of their lead plaintiff motion, which attests to their sophistication, and the fact that Lius and Fish agreed to move for joint appointment, are in contact with one another, and understand and appreciate the obligations of a lead plaintiff under the PSLRA. Dr. Thornhill also claims that Lius' options transactions render Lius and Fish inadequate to represent the class. The opposite is true. This action is, in part, on behalf of options traders, so the fact that Lius transacted in options renders Lius and Fish more adequate, not less. Moreover, the fact that Lius transacted in options inoculates Lius and Fish from the potential defense that they lack standing to advance claims on behalf of options traders. As such, the competing movants have failed to rebut the presumption that Lius and Fish are the most adequate plaintiff. Accordingly, Lius and Fish should be appointed lead plaintiff, and their selection of counsel should be approved.

## II.    ARGUMENT

### A.    Lius and Fish Are the Presumptively Most Adequate Plaintiff

As laid out in Lius and Fish's memorandum filed with their motion (Dkt. No. 29) and opposition to competing motions (Dkt. No. 52), Lius and Fish meet all the requirements to be the

---

[3] *See* Dkt. No. 52-1, Joint Declaration in Support of Novriyanto Lius and Thomas Fish's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel (the "Joint Declaration" or "Joint Decl.").

presumptively most adequate plaintiff. Lius and Fish (1) filed a timely motion for appointment as lead plaintiff, *see* Dkt. No. 27, (2) made a preliminary showing that they satisfy the adequacy and typicality requirements of Rule 23, *see* Dkt. No. 29, and (3) as discussed, *infra*, possess the largest financial interest in this case. As such, Lius and Fish are the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.    LIFO Loss Is the Most Appropriate Metric for Determining Which Movant Has the Largest Financial Interest

In traditional Section 10(b) securities actions, such as this, losses suffered is the most important metric in the financial interest determination. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). In fact, to determine which movant has the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).[4]

Most courts agree that the Last-In, First-Out ("LIFO") method of calculating losses is the appropriate method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005).[5]

The recent trend, however, is to apply an adjustment to LIFO loss—excluding from the calculation losses and gains on securities that were purchased during the class period and sold

---

[4] *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, citing *Molex*); *Bo Young Cha v. Kinross Gold Corp.*, No. 12-cv-1203-PAE, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("The Court accordingly focuses its analysis on that factor."); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617-RJH, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball.") (quoting *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).

[5] *See also Kinross Gold*, 2012 WL 2025850, at *3 ("[T]he overwhelming trend . . . nationwide has been to use LIFO to calculate such losses.").

prior to the corrective disclosure, in order to confirm to the Supreme Court's ruling in *Dura. See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("[If] the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."); *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (holding that losses from the sales prior to a corrective disclosure "are not recoverable under *Dura* and cannot be considered in calculating [movant's] losses").[6]

Regardless of which loss calculation methodology the Court uses, LIFO loss or LIFO loss with the *Dura* adjustment, Lius and Fish have the largest financial interest in the relief sought be the class:

| Movant | LIFO Loss | LIFO Loss on Retained Securities (*Dura* Adjustment) |
|---|---|---|
| **Lius and Fish** | **$5,192,018** | **$2,455,528** |
| Thomas Fish | $2,416,078 | $2,416,078 |
| Novriyanto Lius | $2,775,939 | $39,450 |
| **Micron Investor Group** | **$4,356,046** | **$2,219,724** |
| Dhiru Z. Patel | $3,005,383 | $911,484 |
| Cetin Kayaer | $840,421 | $805,692 |
| Alexandru Vintu | $510,242 | $502,548 |
| **Ferraro Group** | **$1,326,806** | **$1,326,806** |
| James Ferraro | $835,407 | $835,407 |
| Ferraro Family Foundation Inc. | $491,400 | $491,400 |

In fact, Mr. Fish, alone, has a larger *Dura*-adjusted loss (nearly $2.5 million), and thus a larger potential recovery in this action, than any other individual movant or movant group.[7] No other

---

[6] *See also Gutman V. Sillerman*, No. 15-cv-7192-CM, 2015 WL 13791788, at *4 (S.D.N.Y. Dec. 8, 2015) ("When evaluating a plaintiff's financial interest for purposes of selecting a lead plaintiff, courts in this Circuit consider that plaintiff's recoverable loss, and do not take into account losses from shares sold prior to corrective disclosures.").

[7] The Ferraro Group attempts to counter this fact in its reply brief by claiming that gains on shares purchased and then sold before any corrective disclosure should be counted against any losses on retained shares. *See* Dkt. No. 59 at 3. There is no basis in law or reason for such a rule. The Ferraro Group does not cite any authority supporting its position. Moreover, the purpose of

individual comes close, each having *Dura*-adjusted losses under $1 million. This fact further supports the appointment of Lius and Fish. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) ("[T]he degree to which [an individual group member's] losses overshadow those of the other movants further supports the Court's appointment of the [group] as lead plaintiff."); *See Freudenberg v. E\*Trade Fin. Corp.*, No. 07-cv-10400, 2008 WL 2876373, at \*5 (S.D.N.Y. July 16, 2008) ("The appropriateness of [the group's] appointment is further supported by the fact that [a single member's] losses alone would qualify it as the party with the largest financial interest in the litigation.").[8] As such, Lius and Fish have the largest financial interest in the relief sought by the class.

### 2. The Court Should Reject the Ferraro Group's Alternative Financial Interest Calculation Methodology

In its lead plaintiff opposition brief, the Ferraro Group proposed an alternative financial interest determination metric (retained shares), and asks the Court to ignore the LIFO loss metric it endorsed in its initial lead plaintiff briefing. *Compare* Ferraro Opp. at 6 (the "Court should look to net shares purchased for assessing financial interest") *with* Dkt. No. 17 at 6 ("Movants suffered $1,326,702.72 in losses"). The Court should reject the Ferraro Group's self-serving gamesmanship. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at \*3 (N.D. Ill. June 26, 2018) ("[C]ourts have rejected proposals to alter a proposed loss calculation method made after it was apparent that the proponent of the change would not have the largest

---

considering losses on retained shares is to estimate a plaintiff's "recoverable loss." *CannaVest*, 93 F. Supp. 3d at 273. Incorporating gains on securities bought and sold before a corrective disclosure would only distort that estimate.

[8] In light of Mr. Fish's significant financial interest, the Court also has the discretion to appoint Mr. Fish as the sole lead plaintiff. *See Elstein v. Net1 UEPS Techs., Inc.*, No. 13-cv-9100 ER, 2014 WL 3687277, at \*5 (S.D.N.Y. July 23, 2014) ("[T]he Court may consider Lipow, the largest shareholder of this group individually, as if she had moved to be appointed as lead plaintiff alone."); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 256 (S.D.N.Y. 2003) (appointing a single member of a two-person group as lead plaintiff).

5

financial interest under the initially proposed method.") (collecting cases).[9]

Moreover, "the adoption of a standard in which purchase price never plays a part in determining loss would work a radical change in the law." *See CannaVest*, 93 F. Supp. 3d at 277. In fact, the PSLRA explicitly provides that purchase prices are relevant to the damages determination. *See* 15 U.S.C. § 78u-4(e) ("the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received"). As such, the Court should reject the retained shares method, which ignores price, proposed by the Ferraro Group. Accordingly, Lius and Fish have the largest financial interest in the relief sought by the class, and are the presumptively most adequate plaintiff.

**B.    The Presumption that Lius and Fish Are the Most Adequate Plaintiff Has Not Been Rebutted**

To rebut the most adequate plaintiff presumption, the competing movants must present "proof" that Lius and Fish are inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Such proof demands "specific support" and "evidence" of the "actual or potential conflict of interest or a defense" and not mere "conclusory assertions of inadequacy." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004); *Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416, 2007 WL 4526532, at *10 (S.D.N.Y. Dec. 21, 2007) (same).

**1.    Lius and Fish Are Cohesive, and Would Be Adequate Class Representatives**

The Micron Investor Group—incorrectly—claims that Lius and Fish are inadequate

---

[9] *See also Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 276 (S.D.N.Y. 2015) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 409-10 (S.D.N.Y. 2004)); *Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (noting that the fact that a party arguing for the "retained shares" methodology did so "[o]nly after the parties filed their opening briefs, and the parties were made aware of how their respective motions would fare under [the LIFO] methodology . . . counsels in favor of adopting the LIFO methodology, as opposed to the retained shares methodology").

because they failed to provide "evidence of . . . cohesion or ability to collectively manage the litigation." MIG Opp. at 9. Dr. Thornhill similarly argues that Lius and Fish are "unrelated" and "not proper lead plaintiffs under the PSLRA because they are aggregations of people with no cognizable indication of cohesiveness." Thornhill Opp. at 4. In particular, Thornhill claims that Lius and Fish "failed to provide any evidence demonstrating Lius and Fish have a pre-litigation relationship," or the "ability to serve as co-Lead Plaintiffs or to cooperate in managing this litigation." *Id.* at 5. Each attack is baseless.

Lius and Fish are cohesive and adequate, as demonstrated in their Joint Declaration. In the Joint Declaration, Lius and Fish state, *inter alia*, that they communicated before their lead plaintiff motion was filed, and agreed to move for joint appointment after communicating with counsel about the strength of the case and the next steps in the litigation. *See* Joint Decl. at ¶5. Lius and Fish also stated that they "shared [their] contact information and plan to communicate with each other and counsel," and "understand and appreciate a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action of counsel to ensure the action is prosecuted efficiently." *Id.* at ¶¶7-8. Moreover, Lius and Fish are sophisticated individual investors. *See id.* at ¶¶2-3 (Lius "operate[s] a fruit trading business," "manage[s] real estate properties," and "ha[s] been investing since 2010. Fish has been "investing for over 20 years" and "currently own[s] and operate[s] an online retail and wholesale business"). Courts in this District have routinely found that such declarations demonstrate cohesion and adequacy. *See, e.g., Faris v. Longtop Fin. Techs. Ltd.*, No. 11-cv-3658-SAS, 2011 WL 4597553, at *7 (S.D.N.Y. Oct. 4, 2011); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840-RJS, 2017 WL 281742, at *4-*5 (S.D.N.Y. Jan. 19, 2017); *Mahapatra v. Fuqi International, Inc*, No. 10-cv-2515-DAB, 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010); *Marsch v. Rui Feng*, No. 12-

cv-9456-JSR, 2013 WL 3204193, at *2 (S.D.N.Y. June 13, 2013).[10]

Moreover, the Micron Investor Group has no leg to stand on because it relies on a nearly identical joint declaration to claim it is cohesive. *See* MIG Opp. at 6-7.[11] In fact, the Micron Investor Group's counsel, Levi & Korsinsky LLP ("Levi") must know its argument is baseless since it was recently appointed as lead counsel representing a lead plaintiff group composed of five unrelated individuals that submitted a joint declaration with its opposition brief. *See Cemtrex*, 287 F. Supp. 3d at 285-87, 289-90 ("the Court now grants the Cemtrex Investor Group's motion for appointment as lead plaintiff" and "the Court approves Levi & Korsinsky, LLP, as lead counsel"). Likewise, Dr. Thornhill's counsel, Kahn Swick & Foti, LLC, has repeatedly been appointed as lead counsel representing similar lead plaintiff groups.[12]

Additionally, courts do not require that lead plaintiffs have an extensive preexisting relationship, so long as they are cohesive, and courts in this District have appointed larger groups that were less cohesive than Lius and Fish. *See Simmons v. Spencer*, No. 13-cv-8216-RWS, 2014 WL 1678987, at *5 (S.D.N.Y. Apr. 25, 2014) ("A group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is

---

[10] The fact that the Joint Declaration was submitted with Lius and Fish's opposition brief rather than the initial motion is of no consequence. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017); ("[T]he PSLRA does not require that any such evidence be submitted with the initial motion."); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286 (E.D.N.Y. 2018) (appointing a group of five unrelated investors that "submitted a joint declaration along with their opposition").

[11] The two-member Lius and Fish are also presumptively more cohesive than the three-member Micron Investor Group. *See Peters v. Jinkosolar Holding Co.*, No. 11-cv-7133 JPO, 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012) (reasoning that cohesion is, in part, a function of the group's size).

[12] *See, e.g.*, *Shanawaz v. Intellipharmaceutics Int'l Inc.*, No. 17-cv-5761-JPO, 2017 WL 5633168, at *2 (S.D.N.Y. Nov. 21, 2017) ("David Ducharme, Sam Snyder, and Julia Ann Snyder are appointed lead plaintiffs" and "Kahn Swick & Foti, LLC, [are approved] as lead counsel for the class"); *Dougherty v. Esperion Therapeutics, Inc.*, No. 16-cv-10089, 2016 WL 8243166, at *2 (E.D. Mich. Apr. 5, 2016) (appointing "Walter and Minett" as lead plaintiff and approving Kahn Swick & Foti LLC as lead counsel).

relatively small, such as here with only five members.");[13] *Cemtrex*, 287 F. Supp. 3d at 285 (appointing a group composed of five unrelated members).

As such, the Micron Investor Group and Dr. Thornhill have failed to rebut the presumption that Lius and Fish are the most adequate plaintiff.

### 2.  Lius' Options Transactions Render Lius and Fish More Adequate and Typical, Not Less

The fact that Lius purchased both options and common stock is a benefit to the Class since Lius and Fish have standing to pursue claims on behalf of both stock and options purchasers.[14] *See In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Lead Plaintiffs have a responsibility to identify and include . . . purchasers of different categories of securities [who] have standing to bring claims on behalf of the various potential subclasses of securities purchasers"). As such, Lius's options losses render Lius and Fish well-suited, adequate, and typical to represent both shareholders and options holders in this action. Moreover, by transacting in both stock and options, Lius and Fish avoid potential standing challenges by the defendants.

Ignoring this fundamental reality, however, Dr. Thornhill argues that Lius' options losses render Lius and Fish "atypical and inadequate for appointment." Thornhill Opp. at 6-7. This position is meritless and based on a mischaracterization of case law. Some courts have held that

---

[13] *See also In re Sequans Communications S.A.*, 289 F. Supp. 3d at 424 (E.D.N.Y. 2018) ("[i]t is not the case that where there are co-lead plaintiffs there must be some pre-existing, pre-litigation relationship between them" and "courts routinely appoint unrelated class members as co-lead plaintiffs"); *eSpeed*, 232 F.R.D. at 99 (the "majority view" is that "unrelated investors may aggregate under certain circumstances").

[14] This action is on behalf of *securities* holders that transacted in both stock and options. *See Rojvall v. Micron Technology, Inc.*, No. 19-cv-00990-WHP, Dkt. No. 1 (the Complaint) ¶1 ("This is a class action on behalf of persons and entities that acquired Micron *securities*") (emphasis added); *Pokoik v. Micron Technology, Inc.*, No. 19-cv-02136-WHP, Dkt. No. 1 (the Complaint) ¶1 ("This is a class action on behalf of persons and entities that acquired Micron *securities*") (emphasis added).

options traders cannot represent a class consisting solely of stock purchasers. *See, e.g.*, *Cook v. Allergan PLC*, No. 18-cv-12089-CM, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019); *In re Elan Corp. Sec. Litig.*, No. 08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (each cited in Thornhill Opp. at 6-7). Other courts have held that a plaintiff that only transacted in options cannot represent a class that traded in both stock and options. *See, e.g.*, *Elan*, 2009 WL 1321167, at *2; *Andrada v. Atherogenics, Inc.*, No. 05-cv-00061-RJH, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (each cited in Thornhill Opp. at 6-7). Neither scenario applies here since this action is on behalf of all securities holders, and Lius and Fish transacted in both stock and options. As such, Dr. Thornhill has failed to prove that Lius and Fish are inadequate, atypical, or subject to unique defenses.

### C.   Lius and Fish's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 34-4. Accordingly, Movants' selection of lead counsel for the class should be approved. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514-JPO, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead counsel).

### III.   CONCLUSION

For the foregoing reasons, Lius and Fish respectfully request that the Court grant their motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Lius and Fish as lead plaintiff; and (3) approving Lius and Fish's selection of Glancy Prongay & Murray LLP as lead counsel for the class.

10

Dated: April 15, 2019

**GLANCY PRONGAY & MURRAY LLP**

By: _s/ Lesley F. Portnoy_
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite, 530
New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email:  lportnoy@glancylaw.com

-and-

Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants Novriyanto Lius and Thomas Fish, and Proposed Lead Counsel for the Class*

11

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 15, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 15, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

12