## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANCE KNIFFIN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-00678-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, AND DAVID A. ZINSNER, | |
| Defendants. | |
| KJELL ROJVALL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-00990-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, | |
| Defendants. | |
| DAVIN M. POKOIK, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:19-cv-02136-WHP |
| Plaintiff, | Hon. William H. Pauley III |
| v. | |
| MICRON TECHNOLOGY, INC., SANJAY MEHROTRA, ERNEST E. MADDOCK, and DAVID A. ZINSNER, | |
| Defendants. | |

**THE MICRON INVESTOR GROUP'S REPLY MEMORANDUM OF LAW IN RESPONSE TO COMPETING MOVANTS' OPPOSITIONS**

## **TABLE OF CONTENTS**

I.      INTRODUCTION .............................................................................................. 1

II.     ARGUMENT..................................................................................................... 4

    A.   THE MICRON INVESTOR GROUP HAS THE LARGEST FINANCIAL
         INTEREST AT STAKE AND SATISFIES RULE 23, REQUIRING ITS
         APPOINTMENT AS LEAD PLAINTIFF ........................................................ 4

       1.   The Fish Declaration Does Not Save the Fish Group ................................... 4

       2.   The Micron Investor Group Has Proven its Cohesiveness and Ability to Act
         Cooperatively to Oversee its Lawyers and this Litigation ........................... 6

       3.   The Micron Investor Group Has A Larger Financial Interest Than Ferraro ............... 8

    B.   IF THE COURT IS INCLINED TO APPOINT A SINGLE INVESTOR, MR.
         PATEL SHOULD BE APPOINTED BECAUSE HE HAS THE LARGEST
         INDIVIDUAL FINANCIAL INTEREST AT STAKE.................................... 9

III.    CONCLUSION.................................................................................................. 9

**TABLE OF AUTHORITIES**

**Cases**

*Bodri v. GoPro, Inc.*,
  2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) ....................................................... 8

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)....... 8

*Faris v. Longtop Fin. Techs. Ltd.*,
  2011 U.S. Dist. LEXIS 112970 (S.D.N.Y. Oct. 4, 2011) ........................................................ 5

*Francisco v. Abengoa, S.A.*,
  2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016)........................................................ 3

*Galmi v. Teva Pharm. Indus.*,
  2017 U.S. Dist. LEXIS 219181 (D. Conn. July 11, 2017)....................................................... 8

*Hansen v. Ferrellgas Partners LP*,
  No. 16-cv-7840-RJS, 2017 WL 281742 (S.D.N.Y. Oct. 4, 2011)........................................... 5

*In re Surebeam Corp. Sec. Litig.*,
  No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003)........... 9

*In re Tarragon Corp. Sec. Litig.*,
  2007 U.S. Dist. LEXIS 91418 (S.D.N.Y. Dec. 6, 2007) ......................................................... 2

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015).................................................................................... 4

*Mahapatra v. Fuqi International, Inc. et al.*,
  No. 10 CIV. 2515 (DAB), 2010 WL 11575585 (S.D.N.Y. July 26, 2010) .............................. 6

*Mannkind Sec. Actions*,
  2011 U.S. Dist. LEXIS 164320 (C.D. Cal. Apr. 27, 2011) ..................................................... 9

*Marsch v. Feng*,
  2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013)........................................................ 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................................................... 5

*Rosian v. Magnum Hunter Res. Corp.*,
  2013 U.S. Dist. LEXIS 146236 (S.D.N.Y. Oct. 7, 2013) ....................................................... 2

*Ruland v. InfoSonics Corp.*,
  2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006) ....................................................... 9

Movants Dhiru Z. Patel ("Patel"), Cetin Kayaer ("Kayaer"), and Alexandru Vintu ("Vintu") (and together, the "Micron Investor Group" or the "Group")[1] respectfully submit this reply memorandum of law in response to the oppositions filed by: (1) James Ferraro and Ferraro Family Foundation Inc. ("Ferraro") (Dkt. No. 15); and (2) Novriyanto Lius and Thomas Fish (the "Fish Group") (Dkt. No. 27).[2]

## I.    INTRODUCTION

Three motions remain before the Court requesting consolidation of related actions, appointment as lead plaintiff, and approval of selection of counsel. All movants agree that consolidation is appropriate. All movants have had the opportunity to respond to the other motions. The oppositions submitted by the remaining movants do not rebut the presumption requiring appointment of the Micron Investor Group collectively, or Mr. Patel, individually as the movant with the largest individual financial interest, as lead plaintiff.

The Micron Investor Group, as demonstrated below, has a larger interest than the other two competing movants:

---

[1] Unless noted otherwise, all capitalized defined terms shall have the same meaning as set forth in the Micron Investor Group's opening Memorandum of Law in Support of its Motion and its Memorandum of Law in Opposition to Competing Motions. Dkt. Nos. 26, 54.

[2] All other movants have either withdrawn their motions or filed notices indicating they do not possess the requisite financial interest.

| Movant | Individual | Total Shares Purchased | Net Shares Purchased | Net Funds Expended on Shares | Claimed Losses (stock and options) |
|---|---|---|---|---|---|
| The Micron Investor Group | Group Total | 1,035,519 | 136,400 | $8,637,341.61 | $4,356,045.96 |
| | Dhiru Z. Patel | 1,002,319 | 103,400 | $6,645,921.61 | $3,005,382.81 |
| | Cetin Kayaer | 33,000 | 33,000 | $1,991,880.00 | $840,421.15 |
| | Alexandru Vintu | 200 | 0 | $(460.00) | $510,242.00 |
| ~~Fish Group~~ | ~~Group Total~~ | ~~273,450~~ | ~~100,000~~ | ~~$6,435,546.79~~ | ~~$5,192,017.56~~ |
| | Novriyanto Lius | 173,450 | 0 | $424,875.21 | $2,775,939.21 |
| | Thomas Fish | 100,000 | 100,000 | $6,010,671.58 | $2,416,078.35 |
| Ferraro | | 167,500 | 167,500 | $7,347,504.45 | $1,326,702.72 |

Even with its belated submission, the Fish Group still fails to prove its cohesion to be eligible for consideration as a group under the PSLRA. *See In re Tarragon Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 91418, at *6 (S.D.N.Y. Dec. 6, 2007) ("to enjoy the rebuttable presumption that the statute confers, there must be some evidence that the members of the group will act collectively and separately from their lawyers."). As set forth in more detail below, the Fish Group's belated Joint Declaration submitted on opposition (the "Fish Declaration") (Dkt. No. 52) lacks critical details and thus does not constitute the requisite evidence needed to demonstrate it qualifies as a cohesive group capable of overseeing counsel and this litigation. *See Rosian v. Magnum Hunter Res. Corp.*, 2013 U.S. Dist. LEXIS 146236, at *3 (S.D.N.Y. Oct. 7, 2013) (rejecting group where there was "insufficient evidence that the members of the group will act collectively and separately

from their lawyers") (citation omitted).[3] In contrast, the Micron Investor Group submitted a Second Joint Declaration in Support (the "Second Joint Declaration" and, together with the Joint Declaration, the "Joint Declarations") (Dkt. No. 55-1), supplementing the Joint Declaration it *timely* filed with its initial motion, demonstrating *inter alia*, its members' sophistication, its members' decision to join together prior to moving for lead plaintiff, and its members' continued dedication to staying informed and driving the litigation. *See* Dkt. Nos. 30-4, 55-1, the Joint Declarations. As detailed in the Group's Opposition (Dkt. No. 54), the Micron Investor Group has the largest financial interest of any movant properly before the Court and has demonstrated it has satisfied the relevant inquiries under Rule 23, requiring its appointment as lead plaintiff.[4]

The Micron Investor Group must be appointed over Ferraro based on financial interest alone. The Group suffered *nearly four times* the losses as Ferraro. Although Ferraro argues that "net shares purchased" and "net funds expended" are the "most relevant" metrics, courts in this District have "consistently held that the fourth, the magnitude of the loss suffered, is most significant." *Francisco v. Abengoa, S.A.*, 2016 U.S. Dist. LEXIS 68145, at *14 (S.D.N.Y. May 24, 2016). Tellingly, until motions were filed and Ferraro learned he was not the most adequate plaintiff, Ferraro himself argued that, when determining which movant has the largest financial interest "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." Dkt. No. 17 at 5.  Moreover, the Micron Investor Group claims a larger net funds expended

---

[3] Unless otherwise noted, all citations are omitted, and all emphasis is added.

[4] None of the remaining oppositions suggest that the claims of the Micron Investor Group are not typical of the other members of the Class, nor do any Movants suggest that they are inadequate for any reason other than that it has moved as a group. Finally, the remaining movants do not suggest the individual members of the Micron Investor Group are inadequate representatives.

3

during the Class Period than Ferraro. *See supra*, ($8,637,341.61 for the Group compared to $7,347,504.45 for Ferraro).

Further, one of the members of the Micron Investor Group, Mr. Patel, suffered over $3 million in losses, more than the losses of any individual movant.

As explained further *infra*, each of the foregoing arguments are without merit and the Micron Investor Group should be appointed as lead plaintiff, and its choice of Levi & Korsinsky as lead counsel should be approved.

## II.   ARGUMENT

### A.   THE MICRON INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST AT STAKE AND SATISFIES RULE 23, REQUIRING ITS APPOINTMENT AS LEAD PLAINTIFF

As demonstrated in the Table above, the Micron Investor Group has, by far, the largest financial interest under the *Lax/Olsten* factors, including the highest loss. In fact, Mr. Patel claims the largest loss of any individual before the Court. Although the Fish Group submitted the Fish Declaration on opposition, it is boilerplate and gives rise to more questions than it answers and does not allow its members to aggregate their losses.

#### 1.   The Fish Declaration Does Not Save the Fish Group

The Fish Group is merely the product of lawyer-driven litigation as demonstrated by its failure to submit evidence supporting its appointment as a lead plaintiff group. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) ("[m]any courts — including this one — have turned away pastiche plaintiffs whose grouping appears to be solely a product of the litigation, because, [t]o allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff."). Previously the Micron Investor Group opposed the Fish Group's appointment based on its complete lack of any evidence that its members

were aware of one another before moving and the lack of evidence of cohesiveness or commitment to serving as a lead plaintiff group. Dkt. No. 54 at 8-10.

Belatedly, the Fish Group submitted the Fish Declaration. Dkt. No. 52-1. But the Fish Declaration, beyond being untimely, *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) ("[PSLRA] . . .precludes consideration of . . . any other pleading . . . filed **after** the sixty (60) day window has closed") (emphasis in original), is a barebones declaration that does not provide the evidence necessary to support appointment as a lead plaintiff group. It merely cites vague awareness of one another, communication with counsel (not one another) about serving as lead plaintiff, and the perceived strength of the case and next steps. Dkt. No. 52-1 ¶5. More telling is what the Fish Declaration lacks: (1) how two investors from Singapore and Virginia plan to effectively manage the litigation and make timely decisions or communicate; (2) how Fish and Lius "communicated" before the filing of their motion, as it is more likely they simply were on the receiving end of the same email from counsel; (3) how a group of two investors plans to break any potential deadlock in decision-making; (4) when the "conference call" was held (likely long after their initial motion was filed) and ***even if*** all members of the Fish Group were present on the call; (5) and any details regarding a plan to control the litigation apart from their attorneys in the future.

The cases cited by the Fish Group in support of the effectiveness of the Fish Declaration do not justify its appointment here. *See* Dkt. No. 52 at 5. First, in *Faris v. Longtop Fin. Techs. Ltd.*, the group's joint declaration was submitted with its initial motion. 2011 U.S. Dist. LEXIS 112970, at *26 n.50 (S.D.N.Y. Oct. 4, 2011). Second, *Hansen v. Ferrellgas Partners LP*, actually supports appointment of the Micron Investor Group. No. 16-cv-7840-RJS, 2017 WL 281742 (S.D.N.Y. Oct. 4, 2011). In that case, the court weighed five factors cited by the Group in its Opposition. When

5

applying those factors here, the first factor, concerning a pre-litigation relationship, is a wash because it applies to neither group. As to the second factor regarding involvement of the group members, the court in *Hansen* noted in approval that "prior to seeking appointment as Lead Plaintiff, the Batai Group members convened a joint conference call to formalize their commitment to jointly prosecute this litigation and to discuss their duties as Lead Plaintiff." *Id.* at *4. Here, the Fish Group **failed** to hold a conference call **prior to seeking appointment**. *See also Mahapatra v. Fuqi International, Inc. et al.*, No. 10 CIV. 2515 (DAB), 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010) (finding a more detailed joint declaration evidence of cohesiveness and where a conference call was held where all members participated); *Marsch v. Feng*, 2013 U.S. Dist. LEXIS 89853, at *3 (S.D.N.Y. June 12, 2013) (approving "unopposed" motion for lead plaintiff).

### 2.    The Micron Investor Group Has Proven its Cohesiveness and Ability to Act Cooperatively to Oversee its Lawyers and this Litigation

The Joint Declarations filed by the Micron Investor Group, in contrast, affirmatively establish that the Group is cohesive and consists of just three sophisticated investors who collectively have over seventy-nine years of experience investing in securities. *See* Joint Declaration at ¶¶3-4. The members of the Micron Investor Group include: (1) an IT Manager; (2) a retiree and former employee of the Valley Transportation Authority; and (3) a retired engineer. *Id*. at 6. Unlike the Fish Group, the members of the Micron Investor Group acknowledge that they owe a fiduciary duty to the Class, *id.* at ¶4, and that its members will share their "perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation possible." *Id*. at ¶13. On a joint call in which all members of the Group participated, the Micron Investor Group discussed the importance of joint decision-making and, unlike the Fish Group, have expressed a hands on approach and emphasized the importance of "maintaining communications that will enable each of us to confer, with or without counsel, via

6

telephone and email on short notice to ensure that we are able to make timely decisions." *Id.* ¶13. To that end they have committed to receive "periodic status reports" from lead counsel and hold "regular joint calls" to keep them informed regarding numerous aspects of the case. *Id.* at ¶14. The members of the Group also made strong commitments to remain actively involved in the litigation by reviewing documents, attending court proceedings, and depositions as necessary. *Id.* at ¶18.

When considering the application of groups to serve as lead plaintiff, courts are principally concerned as to whether the group is just an amalgamation of investors cobbled together by the lawyers to advance their interests. The Micron Investor Group's Joint Declarations make clear that the decision to join tougher and seek appointment as lead plaintiff was a decision of the three members of the group. *See* Joint Declaration at ¶9 ("we each decided we could maximize the potential recovery for the Class by joining together and seeking appointment as Lead Plaintiff"). In contrast, the Fish Declaration states each member "agreed to move for appointment as a Lead Plaintiff group." Fish Declaration at ¶5. This blanket representation does not establish that the members of the Fish Group considered moving as a group with ***each other*** as opposed to its members' attorneys merely asking each of them whether they would be open to serving as a member of a group with a configuration to be decided—further establishing the lawyer-driven nature of the Fish Group's Motion.

The Micron Investor Group has further demonstrated its cohesiveness by filing its Second Joint Declaration. *See* Dkt. No. 55-1. The Second Joint Declaration evidences the active role taken by the members of the Micron Investor Group. The Second Joint Declaration establishes that the members of the Micron Investor Group stayed informed of events after the filing of their motion, including the progression of the lead plaintiff proceedings.

7

Moreover, on another joint call, the members of the Group discussed the results of their motion and that Mr. Patel had the largest individual loss of any of the individuals or group members seeking appointment. *Id*. at ¶¶4, 6. They also discussed that, if the Court was inclined to appoint a single lead plaintiff, Mr. Patel should be chosen as he has the largest individual loss of any movant before the Court. *Id.* at ¶8. *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *17 (S.D.N.Y. June 21, 2018) (appointing lead plaintiff group that "convened a conference call to discuss the responsibilities of the role and the benefits they would provide as a group" before seeking appointment and submitted a "supplemental declaration indicated that they subsequently held a second conference to discuss the progress of the litigation").

### 3. The Micron Investor Group Has A Larger Financial Interest Than Ferraro

Ferraro has a lower financial interest than both the Micron Investor Group as a whole, and Mr. Patel, individually. In his opening motion, Ferraro argued that losses suffered by each movant "is the most significant factor." *See* Dkt. No. 17 at 5. Recognizing that he has a lower financial interest when comparing losses, Ferraro argues—for the first time on opposition—that "in and out losses" should be excluded and that "net shares purchased and net funds expended" are the "most relevant" metric. *See* Dkt. No. 53 at 2, 3-6. At the outset, the Court should ignore this "eleventh-hour shift[] in strategy" as other courts have and "refuse[] to allow parties to change their position on the appropriate methodology for measuring total financial interest." *Galmi v. Teva Pharm. Indus.*, 2017 U.S. Dist. LEXIS 219181, at *499-500 (D. Conn. July 11, 2017) (citing *Bodri v. GoPro, Inc.*, 2016 U.S. Dist. LEXIS 57559, at *11-12 (N.D. Cal. Apr. 28, 2016) (refusing to use the "retained shares" methodology when the moving parties had initially focused solely on "estimated losses").

Second, Ferraro **does not even claim** a higher net funds expended, as the Micron Investor Group expended over $1 million **more than** Ferraro on Micron securities during the Class Period. *See supra*, at 1-2. As to Ferraro's argument with respect to "in and out losses", even when excluding such losses, the Micron Investor Group claims a higher loss than Ferraro. *See* Dkt. No. 52 at 7.

### B.   IF THE COURT IS INCLINED TO APPOINT A SINGLE INVESTOR, MR. PATEL SHOULD BE APPOINTED BECAUSE HE HAS THE LARGEST INDIVIDUAL FINANCIAL INTEREST AT STAKE

As demonstrated above, the Micron Investor Group is the presumptive lead plaintiff in this action, and the opposing movants have not rebutted the presumption in its favor. However, as noted in the Group's Opposition and agreed to by the Group after filing their Motion, if the Court prefers to appoint a single investor as lead plaintiff, it is within the Court's authority to appoint Mr. Patel as the individual with the largest financial interest before the Court. *See In re Surebeam Corp. Sec. Litig*., No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *23 (S.D. Cal. Dec. 31, 2003) (courts "routinely break apart a proposed group in search of the most adequate plaintiff"); *Mannkind Sec. Actions*, 2011 U.S. Dist. LEXIS 164320, at *15 (C.D. Cal. Apr. 27, 2011) (appointing individual member of group because "one of its individual members, [] has the largest financial stake in this controversy"); *see also Ruland v. InfoSonics Corp*., 2006 U.S. Dist. LEXIS 79144, at *8-10 (S.D. Cal. Oct. 23, 2006) (after declining to aggregate a group, the court nevertheless appointed one of the individual members of that group to be lead plaintiff because he had the largest financial interest in the litigation.).

## III.   CONCLUSION

For the foregoing reasons, the Micron Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Micron Investor Group as Lead Plaintiff, or in the alternative appointing Mr. Patel; (2) approving its selection of Levi & Korsinsky as Lead

Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: April 15, 2019                                    Respectfully Submitted,

<strong>LEVI & KORSINSKY, LLP</strong>

By: */s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*