# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number

+1-212-455-3539

E-mail Address

jyoungwood@stblaw.com

BY ECF AND E-MAIL                                    July 10, 2019

Re:    *In re Micron Technology, Inc. Securities Litigation*, No.
        19-cv-00678

The Honorable William H. Pauley III
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

> Defendants' application for leave to file a motion to dismiss, along with Plaintiffs' opposition, will be discussed at the initial pre-trial conference on July 31, 2019 at 11:30 a.m.

Dated:    July 18, 2019
          New York, New York

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III
U.S.D.J.

Dear Judge Pauley:

Pursuant to Your Honor's Individual Practices, Defendants write to request a pre-motion conference regarding Defendants' anticipated motion to dismiss the Amended Consolidated Complaint ("Complaint"). Dkt. No. 76. For the independent reasons set forth below, the Complaint does not satisfy the stringent requirements for securities fraud claims under the Private Securities Litigation Reform Act and Fed. R. Civ. P. 9(b).

## I.    Plaintiff Has Not Plead a Material Misrepresentation or Omission

Plaintiff alleges that, from September 26, 2017 through October 15, 2018, Micron Technology, Inc. (the "Company" or "Micron") made misrepresentations and omissions regarding its financial performance, competition, and price volatility in periodic filings with the Securities and Exchange Commission ("SEC"). According to Plaintiff, these statements were misleading because, *inter alia*, they failed to disclose that Micron engaged in anticompetitive behavior—*i.e.* together with its competitors, Samsung and SK hynix, limiting the supply of dynamic random access memory ("DRAM") products—that artificially boosted its operating metrics and was reasonably likely to lead to regulatory scrutiny, and that ceasing the behavior would lower prices and result in excess inventory. Compl. ¶¶ 88, 95, 101, 107, 114.

The allegations that Micron's statements were false axiomatically fail absent the existence of a collusive agreement. Because Plaintiff has failed to allege such a conspiracy, the Complaint must be dismissed. A plaintiff can plead an antitrust conspiracy either through direct or circumstantial evidence. *Mayor & City Council of Baltimore v. Citigroup, Inc.*,

BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SÃO PAULO    TOKYO    WASHINGTON, D.C.

Simpson Thacher & Bartlett LLP

The Honorable William H. Pauley III        -2-        July 10, 2019

709 F.3d 129, 136 (2d Cir. 2013). The Complaint, however, contains no allegations of a conspiracy through either type of evidence. It is devoid of allegations of any meetings among the companies, telephone calls or other direct communications between Micron or the Individual Defendants, Samsung and SK hynix. The only factual allegations that purportedly support the so-called conspiracy are three unremarkable public statements made by Micron during earnings calls in which the Company or its CEO Sanjay Mehrotra discussed their views of DRAM supply growth and demand (two of which were allegedly followed by "similar statements" by Samsung and SK Hynix, which the Complaint fails to identify or describe with any detail). Compl. ¶¶ 49-51. Plaintiff's allegations that these statements somehow "consistently signaled their joint agreement on this course of action," are entirely conclusory and cannot plead either direct evidence of a conspiracy or parallel conduct by purported conspirators, especially given the public context in which they were made. Further, although Plaintiff generally alleges that "global DRAM prices had been rising since June 2016 and continued to rise through the end of 2017," such allegations do not plead parallel conduct as required to allege a conspiracy through circumstantial evidence. *See Mayor & City Council of Baltimore*, 709 F.3d at 137 (describing parallel conduct as "complex and historically unprecedented changes in pricing structure made at the very same time by multiple competitors, and made for no other discernible reason").

Plaintiff also fails to plead additional circumstances—"plus factors"—by which a conspiracy may be inferred. *U.S. v. Apple, Inc.*, 791 F.3d 290, 315 (2d Cir. 2015) ("Circumstances that may raise an inference of conspiracy include a common motive to conspire, evidence that shows that the parallel acts were against the apparent individual economic self-interest of the alleged conspirators, and evidence of a high level of interfirm communications.") (citations omitted). Plaintiff's general allegations that DRAM is a commodity product, that the market is dominated by Micron, Samsung, and SK hynix, that information was shared among these key players through a reporting mechanism called DRAMeXchange, or that costs to manufacture DRAM remained stable, Compl. ¶¶ 37-42, are conclusory and do not show a conspiracy. *See Advanced Tech. Corp. v. Instron, Inc.*, 925 F. Supp. 2d 170, 182 (D. Mass. 2013).

Further, the sparse allegations tied to certain confidential witnesses ("CWs"), two of which left their employment with Micron prior to the class period, do not support a conspiracy. Indeed, most of the CW allegations pertain to Micron's tracking of demand via customer purchasing practices and inventories, a business practice that does not constitute anticompetitive behavior. Finally, that Chinese regulators launched an investigation into potential anticompetitive behavior (which Micron had disclosed), or that it was reported that those regulators announced that the investigation uncovered massive evidence of collusion, does not plead securities fraud. *See Bd. of Trustees of City of Ft. Lauderdale Gen. Empls.' Ret. Sys. v. Michel OAO*, 811 F. Supp. 2d 853, 870-71 (S.D.N.Y. 2011), *aff'd, Frederick v. Michel OAO*, 475 Fed. App'x 353 (2d Cir. 2012).

## II.    **Plaintiff Has Not Plead Scienter**

The Complaint does not sufficiently plead that any of the Defendants acted with scienter. The Complaint contains no particularized allegations regarding the knowledge of the Individual Defendants. In fact, there are no allegations at all that the Individual Defendants,

Simpson Thacher & Bartlett LLP

The Honorable William H. Pauley III                -3-                July 10, 2019

or anyone else at Micron, knew of or participated in an anticompetitive conspiracy (the only non-conclusory allegation is that Mr. Mehrotra discussed Micron's business on earnings calls, but this cannot possibly plead scienter).  There are no allegations of stock sales by the Individual Defendants or any other allegations of a motive to commit securities fraud.  At most the Complaint generally alleges that it was financially beneficial for Micron to collude with its competitors, but general corporate success does not constitute a motive for securities fraud.  *See In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d 187, 216 (S.D.N.Y. 2008).

Finally, none of Plaintiff's purported "Additional Allegations of Scienter" suggest knowledge (or even reckless disregard) by Defendants that any statements were false or misleading.  *See* Compl. ¶ 123-34.  First, allegations that much of Micron's revenues come from DRAM (and that Chinese customers accounted for over half) does not plead scienter either through the core operations doctrine or otherwise.  *In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*, No. 14-CV-4471, 2016 WL 922711, at *9 (S.D.N.Y. Mar. 7, 2016).  Second, allegations that there is an investigation by Chinese regulators (and that Micron was aware of it), or that there is a civil antitrust lawsuit pending in California, does not support scienter.  *See Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 517 (S.D.N.Y. 2016) (Pauley, J.); *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144 (S.D.N.Y. 2015).  Third, that in 2005 (almost 15 years ago), the U.S. Department of Justice ("DOJ") brought a criminal case against Micron and other DRAM manufacturers for price fixing (and that Micron cooperated with the DOJ), is not relevant to this lawsuit and does not plead securities fraud.

## III.    Plaintiff Has Not Plead Loss Causation

Where a plaintiff's "loss causation allegations are predicated on a corrective disclosure theory" the complaint must demonstrate that any corrective disclosures "revealed that previous statements or omissions were false." *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 499-500 (S.D.N.Y. 2018) (Pauley, J.).  Here, the Complaint identifies two corrective disclosures, neither of which reveal any falsity in Micron's SEC filings.  Compl. ¶ 144.  The first "corrective disclosure" is the September 6, 2018 reports of two investment analysts (out of dozens) predicting there would be a market downturn for Micron and/or memory products.  The second is a November 19, 2018 *Financial Times* article quoting a Chinese regulator referencing "massive evidence" from an investigation into three chipmakers "without offering any specific examples of wrongdoing."  Given that this investigation was already disclosed, vague speculation regarding the ultimate outcome does not plead loss causation.[1]

Respectfully Submitted,

Jonathan K. Youngwood

---

[1] Plaintiff's Section 20(a) claims must be dismissed both because the Complaint fails to plead an underlying violation and because the allegations of control are insufficient.  In addition, for the reasons set forth above, Plaintiff fails to allege a violation of Item 303 of SEC Regulation S-K.